357 So.2d 204 (1978)
AMERICAN HEALTH ASSOCIATION, INC., a Florida Corporation, and William H. Zibell, Appellants,
v.
Herbert HELPRIN, an Individual, Health Association of Pembroke Pines, Inc., a Florida Corporation, and Lee Stuart, an Individual, Appellees.
No. 77-2010.
District Court of Appeal of Florida, Fourth District.
March 21, 1978.
*205 Coleman R. Rosenfield of Graham, Hodge, Swan & Larson, Fort Lauderdale, for appellants.
Kim Douglas Sherman of Edwards, Dubner, Sherman & Rayson, Fort Lauderdale, for appellees Helprin and Health Association of Pembroke Pines, Inc.
LETTS, Judge.
The opinion filed February 21, 1978, is herewith withdrawn.
The ruling of the trial court denying the motion to dismiss, filed by the appellant at the trial level, is affirmed.
The basis for said motion was that the trial court lacked jurisdiction over the person, because the disputed contract contained a clause for arbitration prior to any lawsuit.[1] The appellee below argued that even if such were so, the right to arbitration had been waived by the conduct of the appellant.
We do not believe we can reach the merits of this cause. The appellants contend that Fla.App. Rule 4.2 permits interlocutory appeals from pre-trial orders relating to jurisdiction over the person. That is correct, but we disagree that the denial of the instant motion to dismiss was such an appealable order.
To us, jurisdiction over the person, for example, refers to service of process, or the applicability of the long arm statute to non-residents. Paradis v. Cicero, 167 So.2d 248 (Fla. 2d DCA 1964). In the case at bar, we perceive the problem to be one of jurisdiction over the subject matter, not reviewable by interlocutory proceeding.
It is true that we could treat this matter as one of common law certiorari, but we believe that there is full, adequate and complete remedy available after final judgment in this case. Siegal v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975). It would be both convenient and saving of costly, protracted and possibly useless litigation, if we were to agree to review all rulings of trial judges as they occur. However, such is impractical when one considers the resulting logistics of such a course, coupled with those who would immediately subvert it for dilatory purposes.
THE APPEAL IS DISMISSED.
ALDERMAN, C.J., and CROSS, J., concur.
NOTES
[1] Although harmless in the light of our conclusion, Article VIII of the contract allegedly containing the arbitration clause was not included in the record on appeal. Thus, we certainly could not have interpreted same.