379 So.2d 420 (1980)
AMERICAN HERITAGE INSTITUTIONAL SECURITIES, INC., Robert L. Noble and Forrest Thompson, Appellants,
v.
Francis T. PRICE, On Behalf of Herself and All Others Similarly Situated, Appellee.
No. 79-324.
District Court of Appeal of Florida, Fifth District.
January 30, 1980.
*421 John D. Mahaffey, Jr., Orlando, for appellants.
Richard H. Adams, Jr. of Gray, Adams, Harris & Robinson, P.A., Orlando, for appellee.
SHARP, Judge.
The Appellants filed an interlocutory appeal of the trial court's order denying the Appellant's Motion to Strike and Motion for Judgment on the Pleadings. The Appellee filed a Motion to Dismiss the appeal. The motions in the lower court were directed to whether the causes of action as stated in a two count complaint could be prosecuted as a class action. The Appellants urge that we have jurisdiction to review these non-final orders of the trial court under Rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure:
Review of non-final orders of lower tribunals is limited to those which ... determine ... the issue of liability in favor of a party seeking affirmative relief.
We disagree. The determination by a trial court that a cause can be appropriately brought as a class action, or that the allegations are sufficient to sustain a class suit, does not affirmatively determine liability. It allows the cause to proceed towards a potential liability as yet undetermined, and one which may never be established.
Prior to the adoption of the Florida Rules of Appellate Procedure, effective March 1, 1978, the sufficiency of the allegations of a complaint in class actions was frequently the subject of appeal to the District Courts of Appeal of Florida. See Davidson v. Lely Estates, Inc., 330 So.2d 528 (Fla. 2d DCA 1976); Rosenwasser v. Frager, 307 So.2d 865 (Fla. 3rd DCA 1975); Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla. 4th DCA 1970). These appeals were taken as "interlocutory" appeals under Rule 4.2, which provided: "Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions which, from the subject matter or relief sought, are such as formerly were cognizable in equity... ." In equity, it has long been held that when a question is one of common or general interest to many persons, who constitute a class so numerous as to make it impractical to bring all of them before the court, one or more may sue or defend for the whole.
Rule 9.130 has replaced former Appellate Rule 4.2. It no longer has the general category of matters formerly cognizable in equity. Under Rule 9.130 we do not have jurisdiction to consider the interlocutory orders raised in this appeal. Atreco-Florida, Inc. v. Berliner, 360 So.2d 784 (Fla. 4th DCA 1978), cert. denied, 366 So.2d 879 (Fla. 1978). Accordingly, the Motion to Dismiss the appeal is granted, and the appeal is hereby dismissed.
DAUKSCH, C.J., and COBB, J., concur.