HERSEY, Judge.
By Petition for Writ of Common Law Certiorari we are asked to review certain pre-trial orders determining that a condominium association and the owners of a condominium unit have standing to maintain a class action.
Applying standards frequently reiterated by this Court we determine that the writ should not issue. It has not been demonstrated either that the trial court exceeded its jurisdiction or that the essential requirements of law and procedural due process have been violated. See G-W Development Corp. v. Village of Palm Beach, 317 So.2d 828 (Fla. 4th DCA 1975).
However, the fact that petitioners seek the wrong remedy is not fatal to their endeavor. We have authority to provide another remedy if one is available. Fla.R. App.P. 9.040(c).
The question then becomes whether a determination that plaintiffs have standing to pursue a class action is such a non-final order as will support an interlocutory appeal. We answered this question in the negative in Atreco-Florida, Inc. v. Berliner, 360 So.2d 784 (Fla. 4th DCA 1978). The fifth district followed our lead in American Heritage Institutional Securities, Inc. v. Price, 379 So.2d 420 (1980) (Fla. 5th DCA 1980). We propose to revisit the question.
The substantive right of a condominium association to bring a class action under appropriate circumstances is embodied in Subsection 718.111(2), Florida Statutes (1979). The procedural machinery for exercising that right is established by Rule 1.220(b), Florida Rules of Civil Procedure. See In re Rule 1.220(b), 353 So.2d 95 (Fla. 1977).
In a class action the plaintiff is asserting the right to litigate on behalf of a class of persons not joined with him in the action. Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1977). The court obtains personal jurisdiction over the members of the class.
When the court permits a class suit to be brought or defended by one or more of the class, it necessarily follows that absent parties are properly represented and are bound by the decree. Tenny v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942).
It follows that an order determining a class is a non-final order which determines jurisdiction of the person, appealable under Rule 9.130, Florida Rules of Appellate Procedure.
Of necessity we recede from our contrary holding in Atreco-Florida, supra.
Petitioners, now appellants, shall file their initial brief and appendix within fifteen days from the filing of this opinion and subsequent events required or permitted by Rule 9.130, Florida Rules of Appellate Procedure shall be governed accordingly.
LETTS, C. J., and DOWNEY, J., concur.