395 So.2d 592 (1981)
NATIONAL LAKE DEVELOPMENTS, INC. and Harry Macksey, Appellants,
v.
LAKE TIPPECANOE OWNERS ASSOCIATION, INC., Appellee.
No. 80-1640.
District Court of Appeal of Florida, Second District.
March 20, 1981.
Daryl J. Brown, of Rosin, Abel, Band, Brown & Russell, Chartered, Sarasota, for appellants.
Ezra J. Regen, Sarasota, and Joseph S. Paglino, Miami, for appellee.
GRIMES, Acting Chief Judge.
Lake Tippecanoe Owners Association, Inc., filed a class action on behalf of the unit owners of Lake Tippecanoe Condominiums against National Lake Developments, Inc., and Harry Macksey seeking cancellation *593 of a ninety-nine year recreation lease and compensatory and punitive damages. The defendants filed an answer to the complaint which contained twenty affirmative defenses. The sixth affirmative defense was that Lake Tippecanoe had no standing to bring the suit on behalf of those unit owners who were not original purchasers from National Lake Developments, Inc.
Lake Tippecanoe filed a motion to strike the affirmative defenses. The court subsequently entered an order striking thirteen of the affirmative defenses, including the sixth defense. The defendants then pursued an appeal in this court, and their brief attacked the trial court's order with respect to all thirteen stricken defenses. However, on motion of the association, this court dismissed the appeal except as it related to the sixth defense on the ground that the striking of the other affirmative defenses did not provide a basis for an appeal. We must now determine whether we have jurisdiction to consider the order as it concerned the sixth defense.
The order appealed from is a nonfinal order. Thus, we have jurisdiction to consider it only if it is in one of the categories of nonfinal orders listed in Florida Rule of Appellate Procedure 9.130. A recent Fourth District Court of Appeal case, Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028 (Fla. 4th DCA 1980), holds that it is. But see American Heritage Institutional Securities, Inc. v. Price, 379 So.2d 420 (Fla. 5th DCA 1980). In Kohl, the defendants sought review of pretrial orders holding that a condominium association and owners of a condominium unit had standing to maintain a class action. The district court of appeal ruled that the orders were reviewable under rule 9.130(a)(3)(C)(i) because they determined the trial court's jurisdiction over the person, namely, the members of the class.
We are not inclined to follow the conclusion reached in Kohl. What the defendants were seeking here was a determination of whether the association could represent those unit owners who were not in privity with National Lake Developments, Inc. This involved an inquiry into who made up the proper class of plaintiffs as opposed to whether or not the court had jurisdiction over those plaintiffs. As used in rule 9.130, the term "jurisdiction of the person" refers to service of process or the applicability of the long arm statute to nonresidents. American Health Association v. Helprin, 357 So.2d 204 (Fla. 4th DCA 1978). The defendants in the present case have not raised such matters. Indeed, it would not even be their place to do so on behalf of the plaintiffs. The right to challenge jurisdiction has always been reserved to the person over whom the court is asserting jurisdiction.
This situation is somewhat analogous to what occurs upon the denial of a motion to dismiss for failure to state a cause of action. By denying the motion, the court refuses to relinquish its jurisdiction over the defendant, yet the essence of the ruling is not jurisdictional. Admittedly, an order which determines a class of plaintiffs has an incidental jurisdictional effect upon the members of the class. However, the issue decided is more nearly the question of who is a proper party. If for no other reason than it would create an opportunity for an interlocutory appeal in practically every class action, we do not believe that the drafters of the appellate rules contemplated that orders of this nature would be deemed as having determined jurisdiction of the person.
We hold that the court's order striking appellants' sixth affirmative defense is not a nonfinal order subject to review under Florida Rule of Appellate Procedure 9.130. Therefore, we dismiss this appeal without prejudice to defendants to raise the issues contained herein on appeal from the court's final order in this case.
OTT and RYDER, JJ., concur.