417 So.2d 655 (1982)
NATIONAL LAKE DEVELOPMENTS, INC., and Harry Macksey, Petitioners,
v.
LAKE TIPPECANOE OWNERS ASSOCIATION, INC., Respondent.
No. 60509.
Supreme Court of Florida.
July 15, 1982.
Daryl J. Brown of Rosin, Abel, Band, Brown & Russell, Sarasota, for petitioners.
Joseph S. Paglino of the Law Offices of Joseph S. Paglino, Miami, and Ezra J. Regen, Sarasota, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the court below, National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, 395 So.2d 592 *656 (Fla. 2d DCA 1981), on the ground that it conflicts with Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028 (Fla. 4th DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Lake Tippecanoe is a residential community. The dwellings there are owned in the condominium form of ownership. Lake Tippecanoe Owners Association, Inc., is, as its name suggests, an organization of the owners of the dwelling units in Lake Tippecanoe. The association brought a class action, on behalf of the unit owners, against National Lake Developments, Inc., and three of its directors. The defendant corporation developed the Lake Tippecanoe community and sold the dwelling units in the form of condominiums. The defendant corporation also founded the owners association; three of the directors of National Lake Developments, Inc., served as the original officers of the unit owners association.
In the lawsuit, the association sought recission or cancellation of a ninety-nine years lease of recreation facilities, compensatory damages, punitive damages, and attorneys' fees. The defendants filed an answer containing numerous affirmative defenses. One of the affirmative defenses asserted that certain members of the plaintiff class, namely, those who had not originally purchased their condominiums directly from the developer, were improperly included in the plaintiff class and should be dismissed therefrom. The plaintiff association moved to strike the affirmative defenses. The trial court granted the motion as to some of the affirmative defenses, including the one pertaining to the propriety of certain members of the plaintiff class, and the defendants appealed.
On motion of the association, the district court dismissed the appeal insofar as it related to all the affirmative defenses stricken by the trial court except for the one pertaining to the proper members of the plaintiff class. The district court then proceeded to issue an opinion explaining that the trial court's order striking the affirmative defense pertaining to the composition of the plaintiff class was, like the remainder of the order, not appealable.
The court pointed out that nonfinal orders of trial courts are only appealable if they are included in one of the categories listed in Florida Rule of Appellate Procedure 9.130(a)(3).[*] The court then noted that in Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028 (Fla. 4th DCA 1980), it was held that an order determining the members of a class and holding a class action maintainable was an order determining jurisdiction of the person, and was therefore appealable under Rule 9.130(a)(3). The Kohl court reasoned that, since a judgment in a class action suit is binding on all members of the class, an order determining the proper members of the class is an order determining jurisdiction of the person. The district court in the instant case then explained its disagreement with the Kohl decision. An inquiry into who makes up the proper class of plaintiffs, the court reasoned, is not the same as an inquiry into whether the court has jurisdiction over those plaintiffs. "Jurisdiction of the person," the court concluded, as those words are used in Rule 9.130, "refers to service of process or the applicability of the long arm statute to nonresidents." 395 So.2d at 593. Finally, the court said, "The right to challenge jurisdiction has always been reserved to the person over whom the court is asserting jurisdiction." Id. Therefore, the defendants' questioning of the propriety of the members constituting the plaintiff class did not raise a question of personal jurisdiction.
*657 We agree with and approve the district court's decision. The issue is whether an order pertaining to the membership of a plaintiff class in a class action is one which determines jurisdiction of the person. If it is, then it is a nonfinal order reviewable by an appellate court pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(i). If not, then the order is not reviewable until final judgment has been rendered. See Fla. R.App.P. 9.110(h). Thus the question is not whether such an order is reviewable but when.
Petitioners argue that they should be allowed to appeal a nonfinal order pertaining to the composition of the plaintiff class so that they may avoid the unnecessary burden and expense of defending an action against a plaintiff class that may include improper members. It is true that avoidance of unnecessary inconvenience and expense, for litigants and for courts, is one of the reasons for allowing certain interlocutory appeals, such as appeals of orders that determine personal jurisdiction. However, even though orders pertaining to the proper composition of a plaintiff class bear some resemblance to orders determining jurisdiction of the person, the differences are substantial enough for us to conclude that the former are not included among the latter.
The similarity between an order determining in personam jurisdiction and an order determining composition of a class is that both put persons on notice of litigation that may result in a judgment affecting such persons. In a class action, procedural due process requires that individual notice be given to those class members who can be identified through reasonable effort. Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976). When a court allows a suit to be brought as a class action, all the member of the class are bound by the resulting decree even though some may be absent. Tenny v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942). Thus the designation of a suit as a class action is comparable to an order determining jurisdiction of a person in that both announce to affected persons that they may be bound by any judgment the court might render in the action.
This similarity, however, does not compel the conclusion that an order pertaining to the proper composition of a plaintiff class is an order determining jurisdiction of the person. In this limited context, we agree with the reasoning of the district court that the defendants' questioning of the composition of the plaintiff class did not raise a question of personal jurisdiction:
As used in rule 9.130, the term "jurisdiction of the person" refers to service of process or the applicability of the long arm statute to nonresidents. American Health Association v. Helprin, 357 So.2d 204 (Fla. 4th DCA 1978). The defendants in the present case have not raised such matters. Indeed, it would not even be their place to do so on behalf of the plaintiffs. The right to challenge jurisdiction has always been reserved to the person over whom the court is asserting jurisdiction.
395 So.2d at 593.
Carrying that reasoning forward, it can be said that a class action lawsuit is brought for the benefit of its members, not for the purpose of imposing liability on them. Although a person over whom a court has no jurisdiction cannot confer it by consent, it is the filing of the class-action complaint, not any judicial order, that invokes and determines the court's personal jurisdiction over the plaintiff class. Unlike a defendant who cannot unilaterally withdraw from the jurisdiction of the court, the members of the plaintiff class may choose not to be members and thus not to be bound by the judgment. See The Florida Bar, In re Rule 1.220(b), Florida Rules of Civil Procedure, 353 So.2d 95 (Fla. 1977). Thus, interlocutory orders relating to the right of plaintiffs to maintain an action generally do not determine the court's jurisdiction over the plaintiffs. Dyer v. Battle, 168 So.2d 175 (Fla. 2d DCA 1964).
We hold that a nonfinal order pertaining to the composition of a plaintiff class is not an order determining jurisdiction of the person and is therefore not *658 reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(c)(i). The decision of the district court of appeal is approved.
It is so ordered.
ALDERMAN, C.J., and OVERTON, SUNDBERG and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] Rule 9.130(a)(3) provides:

(3) Review of non-final orders of lower tribunals is limited to those which:
(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine;
(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters; or
(iv) the issue of liability in favor of a party seeking affirmative relief.