452 So.2d 582 (1984)
William J. PAGE, Jr. and Alfred Campbell, Appellants,
v.
Gale Glass EZELL and Sheldon Ezell, Appellees.
No. 83-3034.
District Court of Appeal of Florida, Third District.
May 1, 1984.
Jim Smith, Atty. Gen. and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellants.
Michael Brodsky, Miami, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
*583 PER CURIAM.
The defendants William J. Page and Alfred Campbell appeal from a non-final order entered below denying their motion to dismiss the complaint filed against them. The relevant ground urged below for dismissal of the subject complaint was that the trial court lacked in personam jurisdiction over the defendants because, as state employees/officers, the defendants could not be held personally liable under the doctrine of sovereign immunity for the acts of negligence sued upon, as these acts were discretionary, not ministerial, in nature. Rupp v. Bryant, 417 So.2d 658, 664-65 (Fla. 1982). We conclude that we have no jurisdiction to entertain this appeal under Fla.R.App.P. 9.130(a)(3)(C)(i), [adopted pursuant to Art. V, § 4(b)(1), Fla. Const.], and dismiss the appeal for lack of jurisdiction.
Fla.R.App.P. 9.130(a)(3)(C)(i) provides in relevant part: "Review of non-final orders of lower tribunals is limited to those which ... determine ... jurisdiction of the person." It is settled that the term "jurisdiction of the person," as used in the above rule, "refers to service of process or the applicability of the long arm statute to non-residents." National Lake Developments, Inc. v. Lake Tippecanoe Owners Ass'n, 395 So.2d 592, 593 (Fla. 2d DCA 1981), approved, 417 So.2d 655, 656-57 (Fla. 1982); see American Health Ass'n v. Helprin, 357 So.2d 204, 205 (Fla. 4th DCA 1978). A non-final order denying a motion to dismiss a complaint on the ground, as here, that the action is barred by the doctrine of sovereign immunity is not appealable under the above rule. State Road Dep't v. Brill, 171 So.2d 229 (Fla. 1st DCA 1964) (decided under predecessor rule, Fla.R.App.P. 4.2a, containing identical language).
Without dispute, the instant appeal does not involve service of process or long arm statute issues; the individual defendants were all properly served with process below and are all residents of the state of Florida. This being so, we have no jurisdiction to entertain this appeal under Fla.R.App.P. 9.130(a)(3)(C)(i). The ground urged for dismissal of the complaint below has nothing to do with the trial court's in personam jurisdiction over the individual defendants; it pertains solely to the personal liability of the defendants under the doctrine of sovereign immunity for the alleged negligent acts sued upon.
Appeal dismissed.