PER CURIAM.
Michael Strauss, an account executive for Merrill Lynch, Pierce, Fenner & Smith, Inc., appeals an order which denied his motion to compel arbitration and his motion to dismiss Gorman’s three-count complaint.
In the motion to compel arbitration, Strauss conceded that count I of the complaint which alleges violations of the Florida Securities Act, chapter 517, Florida Statutes (1983), was not arbitrable on authority of Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla.1984). Oppenheimer was subsequently vacated by the United States Supreme Court at — U.S. -, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985) for reconsideration in light of Dean Witter Reyn *1304 olds, Inc. v. Byrd, — U.S. -, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).[1]
Count II, alleging breach of fiduciary duty and fraud, and count III, alleging theft in violation of chapter 812, Florida Statutes (1983), however, are based upon common law and statutory claims that are clearly arbitrable. See Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir.1982); Sabates v. International Medical Centers, Inc., 450 So.2d 514, 518 (Fla. 3d DCA 1984).[2]
In support of the motion to dismiss the complaint, Strauss argues that Florida Rule of Civil Procedure 1.420(a)(1) precludes the maintenance of any action which has been twice voluntarily dismissed and asserts the appealability of the order denying the motion by casting it as a determination of jurisdiction over his person. The court’s ruling on the motion is actually a nonappealable nonfinal order which does not involve service of process or the applicability of a long-arm statute as does a true “jurisdiction of the person” case. See Department of Professional Regulation v. Rentfast, Inc., 467 So.2d 486 (Fla. 5th DCA 1985); Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984); Fla.R.App.P. 9.130(a)(3)(C)(i).
We REVERSE the order of the trial court denying Strauss’s motion to compel arbitration as to counts II and III of the complaint. On remand the trial court may reconsider the motion to compel arbitration of count I in light of Byrd. The appeal from denial of the motion to dismiss is DISMISSED.

. Although Byrd did not address the precise issue presented in Oppenheimer, the indications are that a claim under the Florida Securities Act is now arbitrable. The question is certain to be answered by the Florida Supreme Court in its reconsideration of Oppenheimer.

. Byrd appears to signal a demise of the intertwining doctrine so that the arbitrability of counts II and III is not dependent upon the arbitrability of count I.