489 So.2d 842 (1986)
MANER PROPERTIES, INC., James C. Nielander, Individually, Castlewood Realty Company, Inc., Etc., and Holly Lake Properties, Etc., Appellants,
v.
Steve SIKSAY and Irma Siksay, His Wife, and Barbara Felton, Appellees.
No. 85-1567.
District Court of Appeal of Florida, Fourth District.
June 4, 1986.
*844 Cindy A. Barwell of Reynolds and Reynolds, Chartered, Boca Raton, for appellants.
Jerome L. Hall of Jerome L. Hall, P.A., and Charles S. Dale, Jr., of Dale & Stevens, Fort Lauderdale, for appellees.
HERSEY, Chief Judge.
Maner Properties, Inc., owner of Holly Lake Mobile Home Park, appeals an order certifying the class in an action brought by residents and lot owners of the park. Such an order is appealable. Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028 (Fla. 4th DCA 1980).
Of the three plaintiffs who filed the multi-count complaint only appellee, Barbara Felton, remained in the action and it was she who was certified as representative of the class. At the initial hearing on Felton's qualifications as a class representative appellants offered no evidence on the issue, and the trial court made a determination that Felton was an appropriate class representative. At a subsequent hearing appellants' attempt to present evidence discrediting Felton's qualifications was rejected. This was an appropriate exercise of the trial court's discretion. Further, in view of Felton's earlier testimony that she is president of the Holly Lakes Homeowners' Association and that she had been actively involved in conferring with lot owners, government officials, and attorneys regarding the case, this determination by the trial court is supported by substantial competent evidence.
Appellants next argue that the plaintiff class is not so numerous that separate joinder of each would be impractical, one of the predicates for permitting a class action. Although given the opportunity to supplement the record, appellants did not include in the supplemental material a transcript of the hearing at which this issue was tried, and we therefore affirm on that basis. See Walker-Seaman v. Garwood, 456 So.2d 1331 (Fla. 5th DCA 1984); Southern American Fire Insurance Co. v. I.B.H. Liquor Corp., 242 So.2d 731 (Fla. 3d DCA 1971); Greene v. Hoiriis, 103 So.2d 226 (Fla. 3d DCA 1958). The trial court's determination on the issue of numerosity is buttressed by evidence that there are potentially over 350 plaintiffs in the class.
The amended complaint asserts several causes of action, some of which are amenable to class action treatment and some of which do not lend themselves to resolution by this device. The measure of suitability of a claim or defense to be asserted on behalf of a class is established by items (2) and (3) of rule 1.220(a) of the Florida Rules of Civil Procedure:
(2) [T]he claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class... .
One of the claims asserted in the class action complaint is based upon misrepresentation and nondisclosure of material facts by the defendants to those members *845 of the class who took title pursuant to agreements for deed. Of the 352 lot owners comprising the class, approximately 150 took title in this manner, the remainder taking title by warranty deed or by some other means. It is well established that for an action to qualify as one appropriate for class action treatment it must be shown
that the claims, issues and defenses are common to all the members of the class. The interests of the plaintiffs must be coextensive with the interests of the other members of the class with a common right of recovery based on the same essential facts. Such determinations are indispensable to the maintenance of a class action because the various class members are made parties to the litigation involuntarily and will be bound by whatever results may follow, regardless of their separate or individual desires. Indeed, the resulting judgment is res judicata upon the rights of the entire class despite their lack of participation in, or perhaps even knowledge of, the proceedings.
Costin v. Hargraves, 283 So.2d 375, 376-377 (Fla. 1st DCA 1973), appeal after remand, 325 So.2d 486 (Fla. 1st DCA 1975) (emphasis deleted); see also State ex rel. Devlin v. Dickinson, 305 So.2d 848 (Fla. 1st DCA 1974).
The claim asserted here does not meet the Costin test. The class representative entered into an agreement for deed, so her interest in this regard is coextensive with others who also entered into these agreements, but not with the majority of the class, who took title by warranty deeds or obtained title by other means. Nor is the claim common to all of the class members; it is common only to those who signed agreements for deed.
Additionally, this claim is essentially an action for fraud. In Lance v. Wade, 457 So.2d 1008 (Fla. 1984), our supreme court unequivocally held that fraud on individual contracts cannot provide a basis for a class action. This is because "fraud claims on separate contracts are inherently diverse, as a matter of law, because `the demands of the various defrauded parties are not only legally distinct, but each depends upon its own facts ... [and] a choice of remedies is ordinarily presented.'" Id. at 1011 (quoting from Avila South Condominium Ass'n v. Kappa Corp., 347 So.2d 599 (Fla. 1977), and Osceola Groves v. Wiley, 78 So.2d 700 (Fla. 1955)). See also Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla. 4th DCA 1970). Therefore, since the fraud claims in the present case are based upon the different circumstances surrounding the class members' separate contracts, a class action is not an appropriate means for asserting these claims.
Another count of the complaint alleges damage from the negligent placement and installation of certain mobile homes.
First, this claim is applicable to only a portion of the class members, and thus does not meet the requirement that the claims asserted be common to all of the members of the class. Costin, 283 So.2d at 375.
Second, where separate fact situations are involved concerning alleged negligence or violations with regard to separate pieces of property, a class action is generally not an appropriate means of resolving the claims. See Cohen v. Camino Sheridan, Inc., 466 So.2d 1212 (Fla. 4th DCA 1985) (complaint failed to allege sufficient basis for class action where homeowners apparently alleged liability for leaks in individual roofs, rather than common roof. Roofs may have been built at different times and by different people); K.D. Lewis Enterprises Corp. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984) (trial court properly refused to allow class action by tenants regarding landlord's omissions and noncompliance with housing code as to their individual apartments. "[T]he extent, nature, and effect of such omission or noncompliance would unquestionably vary from apartment to apartment and from tenant to tenant." Id. at 1034).
Similar factors are involved in the present case, as evidenced by the complaint itself. Paragraph 59 states: "In some instances, *846 Defendants' installation encroached on adjacent lots, in other instances the installation encroached on dedicated easements and violated appropriate municipal set back [sic] requirements." In addition, there are differences in the extent, nature, and effect of the negligent acts with regard to each individual lot affected.
These same defects inhere in the claims made for damages resulting from negligent storage by the defendants of wheels, running gears and hitches owned by various members of the class.
Finally, the complaint contests the rights of the defendants to enforce against the class certain provisions contained in Declarations of Covenants, Restrictions, etc., recorded in the public records of Broward County by defendants' predecessor in title. It is alleged that these restrictions do not run with the land and have not survived a foreclosure action.
In Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. 2d DCA 1963), a class action contesting a tax assessment which affected all ad valorem taxpayers in the City of Naples was found proper on the basis that the interest of the plaintiff was coextensive with that of the other members of the class. The case involved a question of general or common interest in which all class members had a similar interest in the relief sought. In short, there was "a common right of recovery based on the same essential facts." Id. at 737.
The question of the validity of the maintenance fee assessment in the present case is analogous to the situation in Port Royal. The plaintiff and all class members have the same interest in the issue, since, like a tax assessment, it is an assessment for which they are uniformly liable although perhaps in slightly varying amounts. The right of recovery, if any, of all of the class members would have the same basis  whether the defendants have the power to enforce the Declarations. Thus, this claim meets the commonality requirement of rule 1.220(a).
We therefore hold that all class allegations with regard to Counts I, VI, VII, VIII and IX are stricken; provided the appellee may proceed to press those claims as an individual to the extent that she can show damage based upon her own factual circumstances. Harrell v. Hess Oil & Chemical Corp., 287 So.2d 291 (Fla. 1973). Counts II, III, IV and V are appropriately maintained in class action status.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and WALDEN, JJ., concur.