ON MOTION TO DISMISS
PER CURIAM.
This case comes before us on the appel-lee, Kenneth Hill’s, motion to dismiss this appeal. We deny the motion.
In the proceedings below, Hill served a subpoena duces tecum upon the appellant, Allan, for depositions. Hill sought the dep *8 ositions in aid of execution of a judgment against Allan in an earlier action. Allan moved for a protective order claiming that he was immune from service of process because he was appearing in the jurisdiction solely to give his deposition in an unrelated matter, and claiming that the opposing attorney improperly served him. The trial court denied Allan’s motion, and Allan perfected the present appeal.
Hill argues that Allan may not appeal from the trial court’s order denying Allan’s motion for a protective order. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) provides, in part:
(3) Review of non-final orders of lower tribunals is limited to those which:
[[Image here]]
(C) determine:
(i) jurisdiction of the person.
As used in this rule, the term “jurisdiction of the person” refers to service of process or to the applicability of the long arm statute to nonresidents. See National Lakes Developments v. Lake. Tippecanoe Owners Association, 395 So.2d 592 (Fla. 2d DCA 1981), approved, 417 So.2d 655 (Fla.1981).
We conclude that we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), because when the trial court denied Allan’s motion for a protective order, the court in effect ruled against Allan’s claims of immunity from service of process and improper service of process.
We are aware that in Dyes v. Dyes, 454 So.2d 746 (Fla. 1st DCA 1984), our sister court held that the protective order is neither a final order nor a non-final, interlocutory order reviewable pursuant to Florida Rule of Appellate Procedure 9.130. A comparison between this case and Dyes is difficult because it cannot be ascertained from the opinion in Dyes the precise factual setting in which the motion for a protective order was raised. In any event, we take no exception to the general holding of Dyes. We simply decline to adopt the holding of Dyes as a blanket prohibition where, as here, the facts before us warrant the exercise of our jurisdiction.
DENIED.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.