PER CURIAM.
This appeal is brought from an order denying the maintenance of a lawsuit as a class action.
On March 1, 1981, Dade County sold $88,000,000 in Guaranteed Entitlement Bonds in denominations of $25,000 each with interest payable each year at the rate of nine percent. The three-year bonds provided that they could be redeemed by the County on any interest payment date not earlier than March 1, 1982.
The appellant, Hessen, who resides in Vero Beach, Florida, purchased four bonds totalling $100,000 through her agent at Bankers Trust in New York.
Pursuant to the redemption provision, Dade County redeemed the bonds on March 1, 1983, and remitted the full amount of money necessary to redeem, including principal and accrued interest to Chemical Bank, the paying agent for the Bonds. Notice of the redemption was published in the Miami Review, a business and legal publication which had a circulation of approximately 6,000 in 1983, and in the Bond Buyer, a publication whose 1,650 subscribers consisted of banking and investment institutions. The appellant was one of the twenty-one percent of the bondholders who did not respond to the redemption notice. For a year Chemical Bank held and used $14,000,000 of investments and interest belonging to Hessen and 562 other bondholders.
This action was brought as a class action seeking a “declaration” that the redemption notice was inadequate, that Chemical Bank was unjustly enriched thereby, and that appellant and the other bondholders who failed to respond to the redemption notice were entitled to one year’s interest payment.
We hold at the outset that an order denying certification as a class action is appealable. Ero Properties, Inc. v. Cone, 395 So.2d 1264 (Fla. 3d DCA 1981); Kohl v. Bay Colony Club Condo, 385 So.2d 1028 *1332 (Pla. 4th DCA 1980); Cordell v. World Ins. Co., 352 So.2d 108 (Pla. 1st DCA 1977).
The parties agree that a class suit must satisfy at least four prerequisites in order to be certified as such: (1) the members of the class are numerous; (2) the questions of law and fact are common; (3) the claim of the representative party is typical of all members of the class; and (4) the representative party can adequately represent each member of the class. Pla.R.Civ.P. 1.220(a).
The trial court ruled that the case failed to satisfy all the criteria for a class action except one — that there are “numerous members of the potential class.” We disagree and reverse.
First, there is no showing that the appellant’s claim is, or could be antagonistic to that of other members of the class. See Paulino v. Hardister, 306 So.2d 125 (Pla. 2d DCA 1974), cert. denied, 319 So.2d 30 (Pla.1975).
Second, because the issue is simply whether the redemption notice was adequate, the material issues of fact and law are common and the claim of the appellant is typical to all members of the class; thus there would be no need for several mini-trials. See Maner Properties, Inc. v. Siksay, 489 So.2d 842 (Fla. 4th DCA 1986).
Third, the appellant, as representative party, can adequately represent each member of the class; there has not yet been the slightest showing to the contrary. See Maner.
Finally, where the relief sought is primarily monetary damages, Florida Rule of Civil Procedure 1.220(b)(3) does not preclude a class suit. See Samuel v. Univ. of Pittsburgh, 538 F.2d 991 (3d Cir.1976); Van Gemert v. Boeing Co., 259 P.Supp. 125 (S.D.N.Y.1966).
Reversed and remanded.