522 So.2d 979 (1988)
Joseph E. WARREN, Ronald D. Green and Ronald D. Green, As Personal Representative of the Estate of Lantice Green, Deceased, Appellants,
v.
SOUTHEASTERN LEISURE SYSTEMS, INC., a Corporation, Appellee.
Nos. BS-424, 87-102.
District Court of Appeal of Florida, First District.
March 23, 1988.
*980 Richard J. Geisert, Miami Beach and Joseph E. Warren, Jacksonville, for appellants.
Frederick R. Brock of Gartner and Phillips, Jacksonville, for appellee.
BARFIELD, Judge.
Appellants seek interlocutory review of an order directing them to answer an impleader complaint in proceedings supplementary under section 56.29, Florida Statutes (1985). Appellants contend that the order constitutes a determination of personal jurisdiction, which is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We disagree, finding this is a nonappealable, non-final order which determines subject matter jurisdiction and not personal jurisdiction over appellants.
Appellee obtained a judgment against a corporation in which appellants the Greens were principals and appellant Warren was the corporation's attorney. When appellee was unable to satisfy the judgment out of corporate assets, it moved to implead appellants on a contention that appellants had wrongfully received corporate funds and assets. Upon the trial court's granting of the motion to implead, appellee served its verified complaint in impleader on appellants.
Appellants then filed motions to quash and dismiss the complaint in impleader. The motions contended the complaint was jurisdictionally defective as appellee had failed to follow the steps in section 56.29 for proceedings supplementary.[1] Appellants also asked that the complaint be dismissed for failing to state a cause of action. The trial court denied the motions to quash or to dismiss.
For interlocutory review under Rule 9.130(a)(3)(C)(i), an order must determine "jurisdiction of the person." The term "jurisdiction of the person" refers to service of process or to the applicability of the long arm statute to nonresidents. Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984); National Lake Developments, Inc. v. Lake Tippecanoe Owners Ass'n, 395 So.2d 592 (Fla. 2d DCA 1981), approved, 417 So.2d 655 (Fla. 1982); American Health Ass'n v. Helprin, 357 So.2d 204 (Fla. 4th DCA 1978). The order appealed is one that determines appellee's right to proceed with the impleader action, National Lake Developments, Inc. v. Lake Tippecanoe Owners Ass'n, 417 So.2d 655 (Fla. 1982)[2], and there is no suggestion by appellants, either here or below, of any defect in the means by which they were served with the complaint or were otherwise brought within the trial *981 court's jurisdiction, Page, 452 So.2d at 582. The order appellants want this Court to review relates to the adequacy of the steps appellee took precedent to invoking the trial court's subject matter jurisdiction over proceedings supplementary and to impleading appellants, which is not properly reviewable as an interlocutory order. See Florida Power & Light Co. v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982), review denied, 434 So.2d 887 (Fla. 1983).
The objection appellants raise is to the invocation of subject matter jurisdiction, and not of personal jurisdiction, and thus they are not entitled to review at this stage of the proceedings. We decline to take up appellants' suggestion that this appeal alternatively be treated as one for extraordinary relief, apparently resting on certiorari review. We do not find that the procedure followed by the trial court in granting the motion to implead departed from the dictates of fair play and procedural due process, Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), certified question answered, 475 So.2d 227 (Fla. 1985); Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978), so as to say that it departed from the essential requirements of law, Stel-Den of America, Inc. v. Roof Structures, Inc., 438 So.2d 882 (Fla. 4th DCA 1983), review denied, 450 So.2d 488 (Fla. 1984).
Therefore, this appeal is dismissed for lack of jurisdiction in this Court. Appellants may raise this issue in any further appeal as we do not pass upon the merits.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] Appellants contended appellee failed to file an affidavit under section 56.29(1) stating the judgment was unsatisfied, failed to file an unsatisfied writ of execution, failed to provide a complaint in impleader, failed to provide sufficient testimony to prove a prima facie basis for relief and made no showing that appellants were liable to the judgment-debtor corporation. (Prior to entry of the order appealed, the appellee filed copies of the unsatisfied execution and an affidavit by its president stating the judgment remained unsatisfied.)
[2] See also State Road Dept. v. Brill, 171 So.2d 229 (Fla. 1st DCA 1964) (order denying dismissal of suit as barred by sovereign immunity nonappealable non-final order) and Dyer v. Battle, 168 So.2d 175 (Fla. 2d DCA 1964) (orders abating one action and denying dismissal of second action not reviewable interlocutory orders).