544 So.2d 306 (1989)
GENERAL DEVELOPMENT CORPORATION, Appellant,
v.
John STANISLAUS, Appellee.
No. 88-1141.
District Court of Appeal of Florida, Third District.
May 30, 1989.
McDermott, Will & Emery and Richard Critchlow, Cravath, Swaine & Moore and Paul Dodyk, Daniels & Hicks and Sam Daniels, for appellant.
Lisa Bennett and Richard Bennett, Stinson, Lyons, Gerlin & Bustamante, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
This is an appeal from an order certifying a class action pursuant to Florida Rule of Civil Procedure 1.220(a).[1] The appellant, defendant below, timely brought an interlocutory appeal of the order certifying the class. It is plain that interlocutory review of such order is not contemplated by Florida Rule of Appellate Procedure 9.130. We therefore dismiss the appeal.
Rule 9.130 provides for this court's interlocutory review of trial court orders which *307 determine jurisdiction of the person. The Florida supreme court stated in National Lake Dev. v. Lake Tippecanoe Owners Ass'n, Inc., 417 So.2d 655 (Fla. 1982), adopting the language of the Second District Court of Appeal in that same case, 395 So.2d 592, 593 (Fla. 2d DCA 1981):
As used in rule 9.130, the term "jurisdiction of the person" refers to service of process or the applicability of the long arm statute to nonresidents. American Health Association v. Helprin, 357 So.2d 204 (Fla. 4th DCA 1978). The defendants in the present case have not raised such matters. Indeed, it would not even be their place to do so on behalf of the plaintiffs. The right to challenge jurisdiction has always been reserved to the person over whom the court is asserting jurisdiction.
417 So.2d at 657. We find this language to control the issue before us.
In this case, in order that this court might review the merits of plaintiffs' suit and the propriety of the trial judge's certification order, the defendant seeks to turn the intent of Rule 9.130 on its head by alleging that the trial court lacks jurisdiction, not over the defendant itself, but over the plaintiff class. We find this to be an untenable use of the interlocutory appeal rule. As the supreme court stated in National Lake Dev.:
[I]t is the filing of the class-action complaint, not any judicial order, that invokes and determines the court's personal jurisdiction over the plaintiff class [in a class action suit]. Unlike a defendant who cannot unilaterally withdraw from the jurisdiction of the court, the members of the plaintiff class may choose not to be members and thus not to be bound by the judgment. [Citation omitted.] Thus, interlocutory orders relating to the right of plaintiffs to maintain an action generally do not determine the court's jurisdiction over the plaintiffs. [Citation omitted.]
417 So.2d at 657. See National Lake Dev., 395 So.2d at 592, Ero Properties, Inc. v. Cone, 395 So.2d 1264 (Fla. 3d DCA 1981), American Heritage Institutional Sec., Inc. v. Price, 379 So.2d 420 (Fla. 5th DCA 1980). Compare Hessen v. Metropolitan Dade County, 513 So.2d 1330 (Fla. 3d DCA 1987) (order denying certification of suit as a class action is appealable), review denied, 525 So.2d 879 (Fla. 1988), review denied sub nom., Chemical Bank v. Hessen, 525 So.2d 876 (Fla. 1988). But see Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028 (Fla. 4th DCA 1980) (wherein a three judge panel, without benefit of an en banc hearing, disapproved the prior decision of its own court in Atreco-Florida, Inc. v. Berliner, 360 So.2d 784 (Fla. 4th DCA), cert. denied, 366 So.2d 879 (Fla. 1978), and held that a non-final order certifying a plaintiff class is an appealable order because it determines jurisdiction over the person).
Neither do we find this order to be reviewable by common law certiorari. Appellant has a full and complete remedy by way of plenary appeal adequate to protect its interests in the event it does not prevail in the trial court. Chalfonte Dev. Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Gordons Jewelry Co. v. Feldman, 351 So.2d 1117 (Fla. 4th DCA 1977).
Appeal dismissed; certiorari denied.
NOTES
[1] The plaintiffs, defaulting buyers in installment land contracts, claim that the defendant seller systematically failed to comply with the refund provisions of their contracts by wrongfully calculating, on a uniform basis, the damages due the seller as a result of the buyers' defaults. The class representative of the buyers, John Stanislaus, filed suit for equitable relief, an accounting, and breach of contract.