557 So.2d 243 (1990)
HOLIDAY PINES PROPERTY OWNERS ASSOCIATION, INC., a Florida Corporation Not for Profit, Appellant,
v.
Ralph WETHERINGTON and Gloria Wetherington, His Wife; Mortimer Hanley and Jane Hanley, His Wife; Alex Rowen and Theresa Rowen, His Wife; and Gus Gerakaris and Mary Gerakaris, His Wife, Individually, and On Behalf of a Class of All Others Similarly Situated, Appellees.
No. 89-2202.
District Court of Appeal of Florida, Fourth District.
March 7, 1990.
Dixon Thomas, Vero Beach, for appellant.
Richard D. Sneed, Jr., of Law Offices of Richard D. Sneed, Jr., P.A., Fort Pierce, for appellees.

ON PETITION FOR REHEARING
PER CURIAM.
We grant the petition for rehearing, withdraw the opinion filed on January 10, 1990, and substitute the following:
A trial court order determined class representation and certified the class in an action by certain homeowners against a homeowners' association. We hold that such an order is not reviewable and dismiss this portion of the appeal.
*244 It is true that we held to the contrary in Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028 (Fla. 4th DCA 1980), and Maner Properties Inc. v. Siksay, 489 So.2d 842 (Fla. 4th DCA 1986). However, the Kohl decision was criticized by our supreme court in National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, Inc., 417 So.2d 655 (Fla. 1982), and we are bound by the dictates of our supreme court. It is also true that our Siksay decision was decided after Lake Tippecanoe, but plainly Siksay was at odds with our supreme court and, therefore, inappropriate. See also General Development Corporation v. Stanislaus, 544 So.2d 306 (Fla. 3d DCA 1989).
Accordingly, this portion of the appeal is dismissed.
The homeowners' association also appeals that part of the order granting a temporary injunction. We reverse.
The order in question also enjoined the association from making certain amendments to its bylaws in the form of new covenants and restrictions. The association was not precluded from holding meetings, issuing newsletters, and amending any bylaws which did not involve the enforcement of the covenants and restrictions enjoined by the order and "which actions or involvement do not attempt to prejudge this case."
The association here seeks reversal of the injunction and we agree it should be reversed.
We begin by enumerating the four predicates for a temporary injunction:
1) Irreparable harm.
2) Inadequate remedy at law.
3) Clear legal right to the relief requested.
4) A temporary injunction would serve the public interest.
Stiller v. Mariner Cay Property Owners Association, Inc., 513 So.2d 798 (Fla. 4th DCA 1987).
The association strongly urges that this court's opinion in Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla. 4th DCA 1968), mandates a reversal of the injunction. In that case, Greyhound filed a complaint against Tamiami Trail Tours seeking to prevent Tamiami from operating its bus service over a portion of the turnpike. The complaint alleged that Greyhound had certificated authority to operate over the turnpike and Tamiami did not, and it sought a temporary injunction. This court reversed the trial court's granting of the injunction:
The general function of a temporary injunction is to preserve the status quo until full relief can be granted following a final hearing. It is conceded by Greyhound that Tamiami has operated over the turnpike between Fort Lauderdale and Orlando for some three years. Thus, the effect of the injunction was to disturb rather than preserve the status quo.
Here, the disputed covenants went into effect in July, 1988, replacing the ones voted upon in 1983. The amended complaint was not filed until March 23, 1989, almost a year later. Thus, the operation of the subdivision under the 1988 covenants and restrictions are, in fact, the "status quo" and prohibiting their enforcement would, as in the Tamiami case, disturb the status quo.
The association also points out that the order does not find that the owners will suffer irreparable harm if the injunction is not granted. The order merely states that the court "is concerned with the harm a lot owner incurs by not paying dues to or joining the homeowners' association, which subjects the property owner to the loss of his real property in Holiday Pines." However, this does not meet the standard of "irreparable harm" since the owners could be compensated, in the event such occurs, with money damages. Thus, there would be an adequate remedy at law. In Contemporary Interiors v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980), the court noted that a temporary injunction is an extraordinary remedy which should be granted sparingly and only after the moving party has alleged and proven facts entitling it to relief. This court reversed the granting of a temporary injunction in that case because the plaintiff's complaint, *245 while alleging that it would suffer irreparable harm because of the defendant's interference with its "property rights," contained no ultimate facts to that effect. This court found such a general allegation of irreparable harm to be "clearly insufficient." The court also pointed out that the plaintiff presented no evidence regarding its allegation. Here, too, the owners' allegation of irreparable harm was conclusory only:
46. The enforcement of the Amended and Restated Protective Covenants and Restrictions dated December 1, 1983, and Second Amended and Restated Protective Covenants and Restrictions dated December 20, 1987, unless and until restrained and enjoined by an order of this court, will cause immediate and irrepairable (sic) injury; and that the plaintiffs remedy at law is inadequate for the reasons hereinabove described, and further because there (sic) solution of the validity of the amended protective covenants and restrictions, the second amended protective covenants and restrictions and the bylaws of HOLIDAY PINES PROPERTY OWNERS ASSOCIATION, INC., on an individual lot owner basis would lead to a multiplicity of suits.
Based on the foregoing, we find that there is no clear legal right to the relief requested, and we cannot discern how such an injunction would serve the public interest.
Accordingly, we reverse the entry of the temporary injunction.
DISMISSED IN PART; REVERSED IN PART.
LETTS, DELL and GARRETT, JJ., concur.