WARNER, Judge.
The appellee, Grifs Western, a feed store, filed a complaint against the appellant seeking damages, alleging that the appellant owed appellee $16,668.00 for feed and related items for two horses owned by the appellant. It also requested the imposition of a lien on the horses pursuant to section 713.65, Florida Statutes (1989). The appellee feed store moved for and obtained an ex parte temporary injunction preventing appellant from removing the horses from the jurisdiction of the court. Appellant then moved to dissolve the temporary injunction, which motion was de *875 nied. It is from that order that appellant lodges this appeal.
Because this is a suit for money damages, the ability of the appellee to obtain an injunction preventing the removal of the horses depends upon whether or not appel-lee is entitled to a lien on the horses under section 713.65, Florida Statutes (1989). That statute provides for a lien for the care and maintenance of animals ...
In favor of all persons feeding or caring for the horse or other animal of another, including all keepers of livery, sale, or feed or feed stables for feeding or taking care of any horse or other animal put in their charge; upon such horse or other animal.
§ 713.65, Fla.Stat. (1989).
In this case the appellees were not “feeding or caring for the horse” and admitted that the horses were not “put in their charge” as required by the statute. All appellees did was deliver feed to a barn where the horses were stabled. Therefore, this lien statute does not apply. We contrast section 713.65, which requires that the animal be put in the charge of the lienor, with section 713.66, Florida Statutes (1989), which is entitled “Liens for feed, etc. for racehorses, polo ponies and race dogs.” That statute specifically addresses feed for such animals and does not require possession or charge of the animal by the lienor. In fact, the statute refers to delivery of the supplies to the premises where the animals are located. Were appellant’s horses racehorses, then appellee would have a lien under section 713.66.
Since we hold that the lien statute does not apply, the injunction must necessarily fail because of the existence of an adequate remedy at law, namely an action for money damages. See Holiday Pines Property Owners Ass’n, Inc. v. Wether-ington, 557 So.2d 243 (Fla. 4th DCA 1990). We therefore reverse the order of the trial court denying the motion to dissolve the injunction and direct that the order of temporary injunction be dissolved.
GUNTHER, J., concurs.
LETTS, J., dissents without opinion.