827 So.2d 1096 (2002)
Vonceil FISHER and Traveine Howard, on their behalf, as representatives of a Class of Similarly Situated Longshore Workers, Appellants,
v.
The INTERNATIONAL LONGSHOREMEN'S ASSOCIATION and the International Longshoremen's Association South Atlantic & Gulf Coast District, Appellees.
No. 1D02-2027.
District Court of Appeal of Florida, First District.
October 16, 2002.
*1097 Stephen B. Gallagher, Edward L. Birk, and Sonya H. Hoener of Marks Gray Conroy Gibbs, Jacksonville; David E. Breskin, Stephen P. Connor, and Anne-Marie E. Sargent of Short, Cressmand & Burgess, Seattle, Washington, for Appellants.
Donald E. Pinaud, Jr., of Kattman & Pinaud, P.A., Jacksonville; James R. Watson, Galveston, Texas; Michael R. Yokan, Jacksonville; and Kevin Marrinan, of Gleason & Mathews, P.C., New York, New York, for Appellees.
EN BANC
PER CURIAM.
Having considered the appellees' Joint Motion to Dismiss Appeal for Lack of Jurisdiction, filed May 24, 2002, and the appellants' response, filed June 12, 2002, the motion to dismiss is hereby granted and this appeal is dismissed.
The Court's appellate jurisdiction to review nonfinal orders is limited to those categories of orders identified in Florida Rule of Appellate Procedure 9.130. Nonfinal orders that determine "the jurisdiction of the person" are one category of appealable nonfinal orders. See Fla. R.App. P. 9.130(a)(3)(C)(I). "The term `jurisdiction of the person' refers to service of process or to the applicability of the long arm statute to nonresidents." Warren v. Southeastern Leisure Systems, Inc., 522 So.2d 979, 980 (Fla. 1st DCA 1988). Therefore, only those interlocutory orders that determine issues involving service of process or the applicability of the long arm statute are appealable under this section of Florida Rule of Appellate Procedure 9.130.
The nonfinal order on appeal granted in part a motion to dismiss, and dismissed several claims on grounds of federal preemption. Such an order relates to the right of the plaintiffs to maintain their action on these claims and is not appealable pursuant to Rule 9.130(a)(3)(C)(I) because it does not determine jurisdiction of the person. See National Lake Developments, Inc. v. Lake Tippecanoe Owners Assoc., Inc., 417 So.2d 655 (Fla.1982); Warren, 522 So.2d at 980.
The appellants rely on an earlier case from this Court to support their argument that the instant order is appealable. In Southwest Gulfcoast, Inc. v. Allan, 513 So.2d 219 (Fla. 1st DCA 1987), this Court allowed an appeal from an order denying a motion to dismiss that raised federal preemption grounds. While the Court recognized that the order on appeal denied a motion to dismiss for lack of subject-matter jurisdiction, Southwest Gulfcoast, 513 So.2d at 220, the Court found that the *1098 appeal was "perfected under rule 9.130, Florida Rules of Appellate Procedure, which authorizes review of the denial of the motion to dismiss only for lack of jurisdiction." Id. at 222. There is no indication that the issue of appellate jurisdiction was raised in Southwest Gulfcoast and there is no specific discussion of the propriety of proceeding pursuant to rule 9.130, Florida Rules of Appellate Procedure. To the extent that Southwest Gulfcoast may be read to provide for appellate jurisdiction, it appears to be an anomaly in this district as evidenced by our more recent opinion in Warren. As Warren represents a correct statement of the law, we recede from Southwest Gulfcoast to the extent that it is inconsistent with Warren and this opinion.
ALLEN, C.J., ERVIN, BOOTH, BARFIELD, MINER, WOLF, KAHN, WEBSTER, DAVIS, BENTON, VAN NORTWICK, PADOVANO, BROWNING, LEWIS and POLSTON, JJ., concur.