# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-2295, 3D21-2361
Lower Tribunal No. 15-14286
_____

**Dexx Medical Industries, CA,
Massimo Marinoni and Eudes Marinoni,**
Appellants,

vs.

**Fitesa Naotecidos S.A.,**
Appellee.


Appeals from non-final orders from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Kula & Associates, P.A., Elliot B. Kula and W. Aaron Daniel, for appellants.

Damian & Valori LLP, Peter F. Valori and Johnny P. ElHachem, for appellee.


Before LOGUE, HENDON and GORDO, JJ.

GORDO, J.

In these consolidated cases, Dexx Medical Industries, CA, ("Dexx"), Massimo Marinoni and Eudes Marinoni (collectively, "the Marinonis") appeal two non-final orders in favor of Fitesa Naotecidos S.A. ("Fitesa") asserting they are appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We find the non-final orders did not determine jurisdiction of the person as required by rule 9.130(a)(3)(C)(i), and therefore dismiss the appeals for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Fitesa filed a complaint against Dexx and the Marinonis seeking to recover payment due for products sold by Fitesa. The operative complaint asserted Dexx and the Marinonis were subject to both general and personal jurisdiction because they were engaged in substantial activity within Florida and committed a tortious act within the state.

Fitesa served Dexx and the Marinonis via substitute service of process by leaving a copy of the amended complaint and summons with the Marinonis' daughter at an Aventura condominium owned by the Marinonis. The Marinonis moved to quash service of process and filed sworn affidavits asserting insufficiency of service of process. The Marinonis averred they reside in Venezuela, only travel to Florida for vacation and claimed copies of the summons and complaint were not served at their usual place of abode.

2

Fitesa filed a motion to strike Dexx's and the Marinonis' pleadings and defenses or alternatively strike the Marinonis affidavits, arguing they knowingly committed fraud on the court by making false statements in their sworn affidavits. Specifically, Fitesa alleged it was fraud upon the court to swear they only vacation in Florida, when they have been managing their business and raising their daughter in Florida for over five years.

The trial court conducted an evidentiary hearing on Fitesa's motion to strike. The Marinonis' each testified under oath and were cross-examined. Fitesa provided a slew of evidence, including that the Marinonis' daughter had attended school in Florida since she was about 13 years old and continuously since 2015, the Marinonis own a condominium in Florida, they obtained and used Florida driver's licenses, obtained and used multiple credit cards and personal checking accounts in Florida, and their immigration status in the United States was based on sworn E-2 visa applications describing duties and activities that required them to manage and direct daily operations of the Marinonis' yogurt shop in Aventura, Florida.

At the conclusion of the hearing, the trial court found by clear and convincing evidence that Dexx and the Marinonis willfully and consciously set into motion an unconscionable scheme to perpetuate fraud on the court. The trial court further found Dexx through its president, Massimo Marinoni,

3

and the Marinonis individually, intentionally filed false statements designed to prevent the court from exercising jurisdiction and they pursued a course of conduct that substantially interfered with the administration of justice. These consolidated appeals followed.

**LEGAL ANALYSIS**

Our appellate jurisdiction to review non-final orders is limited to only those orders specifically listed in rule 9.130(a)(3). See Keck v. Eminisor, 104 So. 3d 359, 363–64 (Fla. 2012). Dexx and the Marinonis rely on rule 9.130(a)(3)(C)(i) to vest this Court with jurisdiction to hear the otherwise non-reviewable interlocutory orders. Rule 9.130(a)(3)(C)(i) provides: "(3) Appeals to the district courts of appeal of nonfinal orders are limited to those that: (C) **determine**: (i) **the jurisdiction of the person**." Fla. R. App. P. 9.130(a)(3)(C)(i) (emphasis added). "Under rule 9.130(a)(3)(C)(i), 'jurisdiction of the person' has been interpreted as referring to whether the service of process was proper or whether the long-arm statute has been correctly applied." Cole v. Posada, 555 So. 2d 367, 368 (Fla. 3d DCA 1989); see also Strauss v. Gorman, 471 So. 2d 1303, 1304 (Fla. 3d DCA 1985); Page v. Ezell, 452 So. 2d 582, 583 (Fla. 3d DCA 1984).

A plain reading of rule 9.130(a)(3)(C)(i) demonstrates "the requirement that we are to construe narrowly the categories of non-final orders subject to

4

interlocutory appeal." <u>Citizens Prop. Ins. Corp. v. Calonge</u>, 246 So. 3d 447, 450 (Fla. 3d DCA 2018).[1] The rule requires that an interlocutory order on appeal must actually adjudicate and determine the personal jurisdiction issue. "Nothing in the rule suggests that we may adduce or surmise such a determination by reviewing documents in the record apart from the trial court's written order. Such a search for jurisdiction within the record would lead to imprecise and even presumptuous conclusions." <u>Id.</u> "The presence of the word 'determine' in the rule is significant." <u>Id.</u>

We find the challenged non-final orders do not make the necessary determination of jurisdiction to trigger rule 9.130(a)(3)(C)(i)'s applicability. The trial court explicitly provided it was not making such a determination stating: "[t]he core issue here is whether the Marinonis filed statements under oath that were patently and knowingly false that were made to prevent this Court from exercising jurisdiction over this case and to prevent the administration of justice and they should not have done so. The Court is not

---

[1] In 2020, "the Florida Supreme Court created a new subdivision (F) to rule 9.130(a)(3) regarding several species of non-final order related to governmental immunity that had previously been included under subdivision 9.130(a)(3)(C)." <u>Truist Bank v. De Posada</u>, 307 So. 3d 824, 826 (Fla. 3d DCA 2020); <u>In re Amends. to Fla. R. of App. P. 9.130</u>, 289 So. 3d 866, 867 (Fla. 2020); <u>Fla. Highway Patrol v. Jackson</u>, 288 So. 3d 1179, 1186 (Fla. 2020). "These recent Supreme Court cases, though, left intact the Florida Supreme Court's holding in <u>Hastings</u>, as well as the analysis we employed in <u>Pozos</u> and <u>Calonge</u>." <u>Truist Bank</u>, 307 So. 3d at 826.

making a finding on where the Marinonis' regular place of abode is because that is not the core issue here."

It is clear the issue before the trial court was whether Dexx and the Marinonis committed fraud by their sworn affidavits, not personal jurisdiction. Thus, we dismiss the consolidated appeals for lack of jurisdiction. See Cole, 555 So. 2d at 368 (dismissing an appeal of a non-final order under rule 9.130(a)(3)(C)(i) because "[t]he question before the trial court was not whether the court had the jurisdiction or power to bind the appellants to its ultimate decision").

We are bound by this Court's precedent, the relevant rule and the four corners of the trial court's order when making a jurisdictional inquiry. We therefore must dismiss a non-final order that does not determine the issue of jurisdiction. See DCA of Hialeah, Inc. v. Lago Grande One Condo. Ass'n, Inc., 559 So. 2d 1178, 1179 (Fla. 3d DCA 1990) (dismissing appeal because "the issue before the trial court was the timeliness of the service of the initial process and pleading and not whether the service of process was itself valid"); Page, 452 So. 2d at 583 ("Without dispute, the instant appeal does not involve service of process or long arm statute issues . . . we have no jurisdiction to entertain this appeal under Fla. R. App. P. 9.130(a)(3)(C)(i).").

Dismissed.