339 So.2d 236 (1976)
Steven MUSS, Etc., et al., Appellants,
v.
CITY OF MIAMI BEACH, Florida, Appellee.
No. 75-1998.
District Court of Appeal of Florida, Third District.
October 12, 1976.
Rehearing Denied November 24, 1976.
*237 Sibley, Giblin, Levenson & Ward, Miami, Rubin, Baum, Levin, Constant & Friedman, New York City, for appellants.
Joseph A. Wanick, City Atty., Miami Beach, Richard Kanner, Miami, Ritter & Ritter, Coral Gables, for appellee.
Pallot, Stern, Proby & Adkins, Miami, amicus curiae.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PER CURIAM.
This is a companion case to Lifschitz v. City of Miami Beach, Florida, Fla.App., 339 So.2d 232, opinion rendered this day. Here the Plaintiffs-Appellants, as the owners of six luxury high-rise apartment buildings on Miami Beach, also attack the Miami Beach Rent Stabilization Law.
With one exception, the points of attack are the same as in Lifschitz; and, as in Lifschitz, the Trial Court dismissed the Plaintiffs' action for an injunction, after final hearing. Our rejection of the attack is fully set forth in Lifschitz, and we now consider Appellants' additional contention that rent control cannot be constitutionally applied to the luxury rental market. This contention is advanced on the basis of the Plaintiffs' assertion that there is no housing emergency existing as to luxury apartments and that affluent tenants can afford to pay whatever the traffic will bear for that type of accommodation. No authority is cited to support such a proposition; the Trial Court found, as a matter of fact, that the emergency found to exist city-wide in the preamble to the Rent Stabilization Act had not been overcome by Appellants' testimony. Nor do we think that it was necessary for the City Council of the City of Miami Beach to fragmentize the city and examine, neighborhood by neighborhood, each apartment building to ascertain whether the public emergency existed as to each apartment unit or in each economic bracket in order to arrive at a city-wide conclusion. The fact that the more affluent tenant may not be as deeply affected or to the same degree is not a valid criterion and is not sufficient to invalidate the legislation. See, for example, Albigese v. Jersey City, 127 N.J. Super. 101, 316 A.2d 483, 487 (1974); Troy Hills Village v. Township Council, 68 N.J. 604, 350 A.2d 34, 41 (1975); Westchester West No. 2 Ltd. Part. v. Montgomery Cty., 276 Md. 448, 348 A.2d 856, 859 (1975). In short, the same reasons which required the emergency legislation as to the less affluent also apply to the more affluent.
Accordingly, the order on appeal is affirmed.
NATHAN, J., concurs in the result only.