360 So.2d 81 (1978)
FORTE TOWERS, INC., Forte Apartments, Inc., Forte Towers East, Inc., Forte Towers South, Inc., Triton Properties, Ltd., a Limited Partnership, Isadore Hecht, et al., Appellants,
v.
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellee.
No. 77-1553.
District Court of Appeal of Florida, Third District.
May 30, 1978.
Rehearing Denied July 20, 1978.
Storace, Hall & Hauser and William S. Bischoff, Miami, for appellants.
Ritter & Ritter, Coral Gables, for appellee.
Before HENDRY and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellants/plaintiffs appeal from an adverse summary final judgment rendered in favor of appellee/defendant in an action which challenged the validity of the City of Miami Beach's rent control ordinance. We affirm.
Appellants filed an action against appellee challenging the validity of the latter's rent control ordinance on the following grounds, to-wit: (1) that during the time that the ordinance was in effect, a housing emergency did not exist and thus, rent control was unjustified; (2) that pursuant to the dictates of the ordinance, the permitted rate of return on a landlord's investment was confiscatory and violative of the due process clause of the Florida and United States Constitution; and (3) that the ordinance had been improperly applied to the luxury housing market.
Basing his decision on the companion cases of Lifschitz v. City of Miami Beach, 339 So.2d 232 (Fla. 3d DCA 1976), cert. den. 348 So.2d 949 (Fla. 1977) and Muss v. City of Miami Beach, 339 So.2d 236 (Fla. 3d DCA 1976), cert. den. 348 So.2d 950 (Fla. 1977), appeal dismissed [for want of a substantial federal question] 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 306 (1977), the trial judge entered a summary final judgment in favor *82 of appellee on the alternative theories of res judicata and/or collateral estoppel. Appellants now take the instant appeal contending that, sub judice, res judicata and/or collateral estoppel are inapplicable and there remains genuine issues of material fact unresolved in the trial court thus precluding the entrance of summary judgment.
After carefully reviewing the record, briefs and arguments of counsel, in the light of the applicable and controlling principles of law, it is our opinion that the trial judge was correct in entering summary final judgment, however, his reasoning for so doing was erroneous.
The doctrines of res judicata and estoppel by judgment can only be applied when the parties in the present lawsuit are the same as the parties in the former action, or the present parties are in privity with the parties in the former action. Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190 (Fla. 1976); Shearn v. Orlando Funeral Home, Inc., 88 So.2d 591 (Fla. 1956); Smith v. Florida East Coast Railway Company, 151 So.2d 70 (Fla. 3d DCA 1963). The parties plaintiff in the Lifschitz and Muss cases were neither the same as appellants nor in privity with them. As such, any reliance upon the doctrines of res judicata and/or collateral estoppel was misplaced.
Notwithstanding the above, however, it is our opinion that the summary final judgment should nevertheless be affirmed. The law is quite clear that if an order or judgment of the trial court can be sustained upon any theory or principle of law, an appellate court will affirm the order or judgment even though the trial judge based his ruling upon erroneous reasoning. In Re Estate of Yohn, 238 So.2d 290 (Fla. 1970); First National Bank of Clearwater v. Morse, 248 So.2d 658 (Fla. 2d DCA 1971); Berkman v. Miami National Bank, 143 So.2d 535 (Fla. 3d DCA 1962).
As mentioned above, the three basic contentions of appellants in attacking the rent control ordinance were that genuine issues of material fact existed as to whether or not an emergency housing situation did in fact exist; if so, whether or not said emergency applied to the luxury housing market; and whether the rate of return afforded appellants, as landlords, was confiscatory and violative of the State and Federal Constitution.
It is our opinion that the issues raised by appellants at trial, and on appeal, were either expressly or impliedly answered contrary to their positions in the Lifschitz and Muss decisions. Therefore, the same issues having been previously resolved against appellants, summary judgment, as a matter of law, was proper.
Accordingly, summary final judgment is hereby affirmed.
Affirmed.