376 So.2d 279 (1979)
Emil MORTON, Trustee, d/b/a Morton Towers, Appellant,
v.
CITY OF MIAMI BEACH, Florida, etc., Appellee.
Leo GOLDMAN et al., Cross-Appellants,
v.
Emil MORTON, Trustee, d/b/a Morton Towers, Cross-Appellee.
Nos. 78-1338, 78-1514 and 78-1611.
District Court of Appeal of Florida, Third District.
October 23, 1979.
*280 Proby & Adkins, Coral Gables, Goodwin, Ryskamp, Welcher & Carrier and Kenneth L. Ryskamp, Miami, for Emil Morton, Trustee, d/b/a Morton Towers.
Robert L. Shevin, City Atty., Ritter & Ritter and John Ritter, Coral Gables, for City of Miami Beach, Florida, etc.
Abrams & Abrams and Ira Abrams, Miami, for Leo Goldman, et al.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
This is an appeal and a cross-appeal from an order relating to the accounting of certain rent overcharges entered in an injunction action which sought to restrain the enforcement of a rent control ordinance of the City of Miami Beach on constitutional grounds in the Circuit Court for the Eleventh Judicial Circuit of Florida. Appeals have also been taken from subsequent related orders in this cause, but these appeals have since been abandoned by the parties. We conclude that we have no jurisdiction to entertain this appeal and dismiss both the appeal and cross-appeal in this cause.
The order under review approves a special master's report on rent overcharges less set-offs for the calendar year 1975 and appoints a special master to make a similar accounting for the calendar year 1976. Previously, the trial court had upheld the constitutionality of the rent control ordinance in question based on the authority of Muss v. City of Miami Beach, 339 So.2d 236 (Fla. 3d DCA 1976), cert. den. 348 So.2d 950 (Fla. 1977); Lifschitz v. City of Miami Beach, 339 So.2d 232 (Fla. 3d DCA 1976), cert. den. 348 So.2d 949 (Fla. 1977), and ordered an accounting as to rent overcharges collected in violation of the ordinance. The order of partial accounting directs that the 1975 rent overcharges less set-offs be placed in escrow pending final disposition of the case.
*281 The order under review is clearly not an appealable final judgment under Article V, Section 4(b)(1) of the Florida Constitution, and Fla.R.App.P. 9.030(b)(1)(A), as the judicial labor on the rental overcharge accounting in this case is not over. Indeed, the case is still in active litigation in the trial court. Nor can we consider this a final judgment rendered on a divisible count of a multi-complaint under Mendez v. West Flagler Family Assoc., Inc., 303 So.2d 1 (Fla. 1974) as (a) the complaint herein is not a multi-complaint, and (b) the accounting involved herein, although divisible by years for convenience sake, does not embrace separate and distinct causes of action as to each accounting year.
The order under review is also not an appealable non-final order under Article V, Section 4(b)(1) of the Florida Constitution, as implemented by Fla.R.App.P. 9.130. We reject the parties' contention that this is an order under Fla.R.App.P. 9.130(a)(3)(C)(iv), which determines liability in favor of a party seeking affirmative relief. The party seeking affirmative relief by the complaint filed in this cause is the plaintiff-appellant Emil Morton who in a prior order of the trial court lost that which he sought by his complaint, namely an injunction against the enforcement of the Miami Beach rent control ordinance on the ground that it was unconstitutional. The order under review is a partial accounting order entered subsequent thereto which in no way decides a liability issue in favor of plaintiff-appellant Emil Morton. Nor can we consider this an appealable non-final order entered after a final order under Fla. R.App.P. 9.130(a)(4), as suggested by the dissent, because no final order has been entered in this case. We cannot consider the order upholding the constitutionality of the above rent control ordinance a final order as, by its terms, this order appoints a special master to take an accounting for rent overcharges under the ordinance which, in our view, clearly demonstrates that the judicial labor was, and still is, far from over in this case.
Finally, we have determined that this appeal should not be treated as a petition for a writ of certiorari under Fla.R. App.P. 9.040(c), 9.100, as the appellants and cross-appellants have an adequate remedy by appeal when the trial court completes the rental overcharge accounting and enters a final judgment thereon. Dairyland Insurance Co. v. McKenzie, 251 So.2d 887 (Fla. 1st DCA 1971). Our decision is in full accord with the rule that piecemeal appeals should not be permitted where claims are interrelated and in substance involve the same transaction. Mendez v. West Flagler Family Assoc., Inc., 303 So.2d at 5. To review this partial order of accounting before the full accounting is completed in the trial would be contrary, in our view, to this salutary rule of appellate procedure.
Appeal and cross-appeal dismissed.
SCHWARTZ, Judge (dissenting).
I believe the orders in question are reviewable pursuant to Fla.R.App.P. 9.130(a)(4) as "non-final orders entered after [the] final order" determining the constitutionality of the rent control ordinance, which was the primary issue in the case. I would treat the appeal and cross-appeal as filed under that rule, see Fla.R.App.P. 9.040(c), and proceed to a determination of the merits.