440 So.2d 389 (1983)
HERITAGE PAPER COMPANY, INC., Appellant,
v.
Fred FARAH, Edward Farhat, Robert H. Taylor, Sr. and William H. Tuck, Sr., Appellees.
No. AS-319.
District Court of Appeal of Florida, First District.
September 29, 1983.
Rehearing Denied November 18, 1983.
*390 Scruggs & Carmichael, Gainesville, and Knight, Kincaid, Poucher & Harris, Jacksonville, for appellant.
Jack Singbush, Black, Meffert, Landt, Appleget & Weichens, Ocala, and Glickstein & Crenshaw, Jacksonville, for appellees.

ON MOTION TO DISMISS
ERVIN, Chief Judge.
Appellant, Heritage Paper Company, Inc. (Heritage), appeals from the entry of an order finding that appellees, former employees, directors and stockholders of Heritage, were entitled to an accounting to determine whether Heritage underpaid appellees who were to be compensated on a commission basis. Finding the order in question to be both non-final and non-appealable, we revisit appellees' motion to dismiss and accordingly grant it.
Following the trial court's order directing a partial accounting for a five-month period, the trial court, on March 24, 1983, entered an order directing a full accounting for that time between September 30, 1973 and February 11, 1977. In addition, the court rejected exceptions, filed by both parties, to an accounting committee's report finding a tentative underpayment of $1,143.66 for the five-month period, and directed that the costs of the accounting be borne by the parties, with the appellees responsible for four-fifths of that cost and Heritage responsible for the remainder. Heritage appeals from this order, contending it is a non-final but appealable order in that it determines the issue of liability in favor of appellees. Appellees responded by moving to dismiss the appeal, arguing that the order in no way determined the issue of liability. Although this court initially denied the motion, a complete review of the issues and arguments raised by the parties, together with the appendices submitted, now convinces us that appellees are correct and that the order is in fact non-appealable.
Cases interpreting and applying pre-1977 rules of appellate procedure, relating to interlocutory appeals,[1] held that orders finding an entitlement to an accounting, and ordering that the same be had, were non-final but appealable orders. See McCann Plumbing Co. v. Plumbing Industry Program, Inc., 105 So.2d 26 (Fla. 3d DCA 1958); Carberry v. Foley, 206 So.2d 425 (Fla. 3d DCA 1968); A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442 (Fla. 3d DCA 1969). In 1977, however, procedures for taking interlocutory appeals were extensively altered to provide for review of only a limited group of non-final orders "based upon the necessity or desirability of expeditious review." 32 Fla. Stat. Ann. 387, 1977 Committee Notes (1983). In particular, Florida Rule of Appellate Procedure 9.130(a)(3) now provides:
(3) Review of non-final orders of lower tribunals is limited to those which:

(A) concern venue;
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:

(i) jurisdiction of the person;
(ii) right to immediate possession of property;
(iii) right to immediate monetary relief or child custody in domestic relations matters; or
(iv) the issue of liability in favor of a party seeking affirmative relief.

(e.s.). Post-1977 cases have generally interpreted rule 9.130(a)(3)(C)(iv) strictly, so as to limit such review to those orders which affirmatively determine the issue of liability in favor of a party seeking such relief. See State Farm Mutual Automobile Insurance Co. v. Morris, 370 So.2d 828, 829 (Fla. 1st DCA 1979) (order determining inapplicability of insurance policy exclusionary clause did not determine issue of liability); American Heritage Institutional Securities, Inc. v. Price, 379 So.2d 420, 421 (Fla. 5th DCA 1980) (order determining sufficiency *391 of allegations of class action not a determination of liability). But see Pedro Realty, Inc. v. Silva, 392 So.2d 1005 (Fla. 3d DCA 1981), approved, 411 So.2d 872 (Fla. 1982) (order denying motion to vacate default does determine liability). If, however, an order does nothing more than to allow a cause to "proceed towards a potential liability as yet undetermined, and one which may never be established," no liability is determined and such an order is non-appealable. Price, 379 So.2d at 421 (e.s.).
In this case, Heritage is entitled to appellate review of the order of March 24 only if it can be said that this non-final order affirmatively determines the issue of liability in favor of appellees. Our review of the order in question leads to the conclusion that no such determination has been made at this stage of the accounting procedure.[2] At most the order decides that appellees are now entitled to a full accounting in order to discover therefrom if any liability for unpaid or underpaid commissions exists. After an accounting of Heritage's records for a five-month period, the accounting committee found discrepancies totaling $1,143.66. Although that finding suggests that appellees may have been underpaid, it is entirely conceivable that once the accounting for the five-year period is completed, the final result may establish that Heritage owes nothing. Therefore, as in Price, the order does nothing more than to allow this case to proceed toward a potential, but as yet undetermined liability, which may, in fact, never materialize. As such, it is non-appealable.
In reaching our conclusion we are strongly persuaded by the rationale of Morton v. City of Miami Beach, 376 So.2d 279 (Fla. 3d DCA 1979), in which an accounting was sought to determine the existence and extent of alleged rent overcharges. An accounting for the calendar year 1975 was ordered and, in a later order from which an appeal was taken, a similar accounting was ordered for the calendar year 1976. In dismissing the appeal, the court reasoned that the order for accounting was clearly not an appealable, final order because the judicial labor was not at an end. 376 So.2d at 281. At the same time, however, the order was found to be non-final and non-appealable in that it was merely "... a partial accounting order ... which in no way decides a liability issue in favor of plaintiff-appellant... ." Id. Finally, the court declined to treat the appeal as a petition for writ of certiorari, finding that appellants would have an adequate remedy by direct appeal once a final judgment was eventually entered.
Although the Morton case involved an order for a partial accounting for a one-year period, we find the reasoning and conclusions of that case are fully applicable to this situation where the court ordered a full accounting for the five-year period in dispute. Because, as the Morton court observed, "piecemeal appeals" should not be entertained, this appeal is dismissed without prejudice to the parties' rights to raise these issues on direct appeal from the final order entered.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] Florida Appellate Procedure Rule 4.2 is worded far differently from its later amended counterpart, rule 9.130(a)(3). That rule, quoted infra, is far more restrictive in its application than the former rule.
[2] An action for accounting is an equitable procedure which normally calls for a two-stage proceeding: "[F]irst for the establishment of the right or basis for the accounting with the actual accounting following in accordance with the earlier determination." A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442, 444 (Fla. 3d DCA 1969). It is only after the accounting is actually held that the court must "balance the equities, adjust the accounts of the parties, and render complete justice between them." F.A. Chastain Construction, Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962). Given this unique procedure, it is clear that at the conclusion of the first stage  that is the determination of entitlement to an accounting  no determination of liability is as yet made.