SCHWARTZ, Chief Judge.
Ferber and Franzese formed a partnership, later converted into corporate form, for the operation of an Amoco service station in Coconut Grove, Miami. Under disputed circumstances which remain unresolved below, Ferber left the Grove operation and opened another Amoco station in Miami Beach. Each sued the other for interests in the respective businesses. Without determining whether, or to what extent either of the erstwhile partners is entitled to recovery, the trial judge ordered Ferber to render an accounting to Franzese as to the Miami Beach enterprise, and Franzese to account to Ferber concerning the one in the Grove. Ferber petitions for certiorari to review the former accounting; Franzese cross-petitions from the latter. Since the actual liability of the partners has not yet been determined, we conclude that appellate review of these non-final orders by certiorari or otherwise is both unauthorized and inappropriate. E.g., Heritage *781 Paper Co. v. Farah, 440 So.2d 389, 391 (Fla. 1st DCA 1983) (order of accounting without determination of liability unreviewable by non-final appeal or certiorari); Morton v. City of Miami Beach, 376 So.2d 279 (Fla. 3d DCA 1979) (same).[1] Accordingly, the petition and cross-petition are denied without prejudice to review on plenary appeal from any final judgment rendered below.
Certiorari denied.

. We distinguish those cases in which an order for accounting necessarily involves unjustified discovery and is certiorariable on that basis. See Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956); Oil Conservationists, Inc. v. Gilbert, 471 So.2d 650 (Fla. 4th DCA 1985); East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982); Ponte Vedra Recorder, Inc. v. Carpenter, 401 So.2d 834 (Fla. 5th DCA 1981). In another class of cases, an order of accounting involves a determination of liability in favor of a party seeking affirmative relief and is therefore reviewable by non-final appeal under Fla.R.App.P. 9.130(a)(3)(c)(iv).