PER CURIAM.
Plaintiff-appellant Gloria De Shlesinger seeks review of an order clarifying the scope of an accounting.
Plaintiff filed suit for partition and an accounting. The trial court entered a judgment of partition appointing a Special Master to sell a condominium unit held by the parties as tenants in common. See §§ 64.051, 64.061(4), 64.071, Fla.Stat. (1993). Included within the partition judgment was an order directing the Special Master to conduct an accounting. Thereafter, a dispute arose between the parties over the proper interpretation of the accounting order. Defendant-appellee Rosa Stokhamer De Sleyzynger moved for clarification of the accounting order.
The trial court granted an entirely appropriate clarification. This court has previously held that an order for accounting is a non-final, non-appealable order. See Morton v. City of Miami Beach, 376 So.2d 279, 281 (Fla. 3d DCA 1979); accord Heritage Paper Co. v. Farah, 440 So.2d 389, 391 (Fla. 1st DCA 1983). The order for an accounting is properly viewed as an interlocutory order which is subject to modification by the trial court. The trial court therefore had jurisdiction to enter the order of clarification. The order of clarification is itself a non-final, non-appealable order. Construing the plaintiffs appeal papers as a petition for writ of certio-rari, we deny the petition.
Certiorari denied.*

 Defendant in this case filed a motion for clarification. Defendant also filed a motion for relief *1136 from judgment under Florida Rule of Civil Procedure 1.540, because the accounting order was contained in the final judgment of partition. In our view the latter motion was unnecessary, see Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988), and we treat both orders as interlocutory orders of clarification.
Assuming arguendo that the incorporation of the order for accounting in the judgment of partition rendered the order for accounting to be a final judgment, relief was warranted under Florida Rule of Civil Procedure 1.540. Plaintiff's complaint requested partition and an accounting. Defendant defaulted. After default, the judgment of partition was entered which included the order for an accounting.
''[A] defendant who suffers a default to be entered against him without responding to the plaintiff’s initial pleading, can only be said to have admitted the well-pleaded facts and to have acquiesced in the relief prayed for." Williams v. Williams, 227 So.2d 746, 748 (Fla. 2d DCA 1969).
When a plaintiff requests an accounting, plaintiff necessarily requests that “the chancellor ... balance the equities, adjust the accounts of the parties, and render complete justice between them.” F.A. Chastain Constr., Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962) (citation omitted).
The order for accounting required the Special Master to make "an accounting regarding the rents received by Defendant-” Plaintiff contends that this language calls only for an accounting of the gross rents received by the defendant, without any offset for maintenance, debt service, taxes, and other expenses paid by the defendant. We concur with the trial court that the plaintiff's narrow interpretation of the order for accounting was incorrect. Assuming arguen-do, however, that the plaintiff's reading was correct, it follows that the accounting portion of the judgment of partition awarded different accounting relief (a limited, one-sided accounting), when compared with the broader scope of equitable relief necessarily entailed in a prayer for an accounting. In a default case where relief is awarded which was not prayed for, relief from judgment will be granted. Gelkop v. Getkop, 384 So.2d 195, 201 (Fla. 3d DCA 1980), abrogation in part on other grounds recognized, Montano v. Montano, 520 So.2d 52 (Fla. 3d DCA 1988).