683 So.2d 1123 (1996)
WAUSAU INSURANCE COMPANY, Appellant,
v.
Charles E. HAYNES, Thomas Pasterski and B.J. Harman, Appellees.
No. 96-1449.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
*1124 Hinda Klein of Conroy, Simberg & Lewis, P.A., Hollywood, for appellant.
Hal Vogel, Hollywood, for appellee Haynes.
Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, for appellees Harmon, Pasterski, McCoy and McGrath.
PER CURIAM.
Previous precedent of this court requires that we conclude that we have jurisdiction to review the nonfinal order in this case denying a motion to dismiss for failure to state a cause of action[1] on account of workers compensation immunity. See Breakers Palm Beach Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994). In spite of our jurisdiction, however, we nevertheless conclude that the case is not sufficiently ripe to allow us to exercise our jurisdiction.
The test for a motion to dismiss under rule 1.140(b)(6) is whether the pleader could prove any set of facts whatever in support of the claim. Hillman Const Corp. v. Wainer, 636 So.2d 576 (Fla. 4th DCA 1994). We disagree with the argument that the order in this case is appealable because Haynes did not raise any disputed factual issues in opposition to the motion to dismiss. The opponent of a rule 1.140(b)(6) motion to *1125 dismiss is under no obligation to raise any disputed factual issues in opposition to the motion. Indeed the motion may be granted only by looking exclusively at the pleading itself, without reference to any defensive pleadings or evidence in the case. Pizzi v. Central Bank & Trust Co., 250 So.2d 895 (Fla.1971) (in ruling on motion to dismiss, court must confine itself to allegations of complaint and may not consider affirmative defenses which might absolve defendant of liability at motion for summary judgment or at trial); Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968) (same).
To ascertain whether Haynes could prove any set of facts in support of his claim, we turn to Sullivan v. Liberty Mutual Ins. Co., 367 So.2d 658 (Fla. 4th DCA 1979), the case asserted to bar any possible claim he might allege. We cannot agree that Sullivan conclusively establishes workers compensation immunity under what we understand at this point to be the facts and attempted claim for relief. As our opinion in Sullivan stated:
"Sullivan also contends that he sufficiently alleged a cause of action against the insurer for intentionally harming him. Section 440.11(2) provides exceptions to the immunity granted in the case of certain willful assaults and automobile accidents. It would appear that the immunity granted under that statute was not intended to cover instances where a carrier intentionally harms the employee. However, while it is alleged that the insurer intentionally withdrew its authorization for medical treatment, nowhere is it alleged that Liberty Mutual intentionally injured Sullivan. We agree with the trial judge that the allegations were insufficient to come within any exception to the statutory immunity."
367 So.2d at 660. It is apparent that Sullivan was not based on any categorical immunity but instead on the failure of the allegations in that case. Indeed, in Associated Industries of Fla. v. Smith, 633 So.2d 543 (Fla. 5th DCA 1994), the court recognized that the carrier may have no immunity where the claim is based on a separate independent tort, and the circuit court may proceed to try the claim. The cases manifestly do not exclude all possible claims against the workers compensation carriermerely those that do not allege an independent tort. Thus we cannot say at this early pleading stage that Haynes could not offer any evidence in support of his claim.
The fifth district's decision in Associated Industries is also interesting for a slightly different reason. In concluding on nonfinal review that the allegations were insufficient to show the independent tort of intentional infliction of emotional distress, rather than concluding that immunity was absolute, the court remanded with instructions to allow the claimant a chance to amend his pleading to state such a cause of action. We do not agree that we should review orders denying motions to dismiss where an amendment to the pleading could possibly allege a cause of action not barred by immunity. In our opinion, such a case is simply not ripe for appellate review because the pleadings have not been finally closed; nor is the nature and extent of the likely evidence apparent on the record.
Review at this stage would be appallingly disruptive, and would invite repetitious appellate review in small stages of issues that are not dispositive and may ultimately have no bearing on the final resolution of the case. That would be entirely out of harmony with the intent of rule 9.130, whose purpose is to limit interlocutory appeals while permitting immediate review of a small class of orders that have a demonstrable effect on the outcome but as to which final review may be inappropriate and ineffective.
This case is manifestly nowhere near being ready for an appellate court to state with anything approaching the certainty that Wausau is entitled to immunity no matter what plaintiff claims or proves. See Hastings v. Demming, 682 So.2d 1107 (Fla. 2nd DCA 1996). Accordingly, we deny review at this point in this case.
GUNTHER, C.J., and FARMER and PARIENTE, JJ., concur.
FARMER, J., also concurs specially with opinion.
*1126 FARMER, Judge, concurring specially.
If I were not bound by previous precedent from this court in Breakers Palm Beach Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), I would dismiss this appeal for lack of jurisdiction. In Gloger, we were asked to review an order denying a motion for summary judgment arguing workers compensation immunity. The appellee moved to dismiss the appeal. To decide the motion, we confronted the recent amendment to rule 9.130(a)(3)(C)(vi). We denied the motion to dismiss, reasoning as follows:
"If the words `as a matter of law' had been placed at the beginning of the amendment, rather than at the end, appellees' argument would be persuasive. Under that scenario the rule would permit review of non-final orders which determine `as a matter of law that a party is not entitled to workers' compensation immunity'. The key words, when placed at the beginning, modify `determine'.
"By putting the key words at the end, however, the court gave the amendment a broader meaning. They modify `entitled'. The denial of defendant's motion for summary judgment, because there were issues of fact, is an order determining that the defendant is `not entitled to workers' compensation immunity as a matter of law'. We therefore deny the motion to dismiss. Our view is supported by Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994) (the amendment authorizes review of orders denying summary judgment because of factual issues as well as because of legal questions)."
646 So.2d at 237-238. The placement of the critical words within the sentence does not mean that they modify "entitlement".[2] The words "as a matter of law" constitute an adverbial phrase modifying either the entire sentence or the verb "determine". In no sense can they be said to modify "entitlement".
They stand for the proposition that, to permit nonfinal review under rule 9.130, the determination of entitlement to workers compensation immunity shall have been made as an answer to a legal question by the judge, rather than as an answer to a factual question by the trier of fact. A motion for summary judgment presents a legal question to the court, as to which there may be a factual componenti.e., whether the record facts are so crystallized that, from a legal standpoint, there is but one answer. There is no other sensible explanation for what the phrase modifies wherever it may appear in the sentence.[3] In either case, I understand that nonfinal review is permissible only when the order determines that no workers compensation immunity exists on any facts that may be adduced.
Rule 9.130(a)(3)(C)(vi) did not come from the ordinary processes of the Florida Bar Committee on Appellate Rules. Like the goddess Athena emerging full-grown from the head of Zeus, it suddenly appeared one day wholly formed from the mind of the supreme court in Mandico v. Taos Const. Inc., 605 So.2d 850, 854-855 (Fla.1992). In that case, the trial court had entered a nonfinal order denying a motion for summary judgment on the grounds of workers compensation immunity. The petitioner sought review in this court by a petition for common law certiorari, which we elected to treat as a petition for a writ of prohibition. We certified to the court the question whether prohibition was the proper remedy to review nonfinal orders denying workers compensation immunity. In its discussion of that issue, at one point the court noted:
"The assertion that the plaintiff's exclusive remedy is under the workers' compensation law is an affirmative defense, and its *1127 validity can only be determined in the course of litigation. The court has jurisdiction to decide the question even if it is wrong. Moreover, the decision will often turn upon the facts, and the court from which the writ of prohibition is sought is in no position to ascertain the facts. At the same time, it is incongruous to say that while the circuit court has jurisdiction to make findings of fact, depending upon the nature of the findings, it may thereupon lose jurisdiction. Thus, we hold that henceforth prohibition may not be employed to raise the defense of workers' compensation immunity." [emphasis supplied.]
605 So.2d at 854. The court went on to assess the case before it, saying:
"We suspect that one reason the court was willing to permit prohibition ... was to avoid the necessity of requiring the trial to proceed to its conclusion when it was evident from a construction of the relevant statutes that the plaintiff's exclusive remedy was to obtain workers' compensation benefits." [emphasis supplied.]
Id. At that point, the court decided on the spot to amend rule 9.130 to add what is now rule 9.130(a)(3)(C)(vi). From the circumstances and text of Mandico, therefore, I read this provision to allow immediate appellate review of orders denying summary judgment on account of workers compensation immunity only when "it [i]s evident from a construction of the relevant statutes that the plaintiff's exclusive remedy was to obtain workers' compensation benefits."
Apart from this little history as to the adoption of the provision, I do not believe that rule 9.130 provisions for nonfinal review of pretrial orders should ever be construed broadly, as we explicitly did in Gloger. We indulge a strong abhorrence of piecemeal appellate review, with a decided preference for most review at the end of the case rather than during it. In this regard, I agree with Judge Lazzara in Hastings in the following passage:
"Thus, by its use of the word `evident' in Mandico and Ramos [v. Univision Holdings Inc., 655 So.2d 89 (Fla.1995),] and its previous definition of that word in Russell [v. State, 71 Fla. 236, 71 So. 27 (1916)], we perceive that the supreme court intended rule 9.130(a)(3)(C)(vi) to apply only when an appellate court is presented with a record with facts so manifest it can readily conclude that a plaintiff's exclusive remedy is in fact workers' compensation, thereby promoting an early resolution of the case at the appellate level. We conclude, therefore, that in amending the rule the supreme court's clear intent was to confer jurisdiction to review only that type of nonfinal order in which a lower tribunal, based on undisputed material facts, has determined clearly and conclusively, beyond doubt, that a party is not entitled to workers' compensation immunity as a matter of law. Accordingly, to be appealable under rule 9.130(a)(3)(C)(vi), an order denying a motion for summary judgment asserting workers' compensation immunity must essentially determine the nonexistence of that defense such that it effectively precludes a party from having a jury decide whether a plaintiff's exclusive remedy is workers' compensation benefits."
682 So.2d at 1109. It will be noticed that he referred to summary judgments in discussing the applicability of this rule. He rejected the notion that orders merely denying motions to dismiss are appealable under rule 9.130(a)(3)(C)(vi). As he said:
"In deciding such motions, however, a trial court is constrained by well settled precedent from resolving factual disputes. [c.o.] Accordingly, even though a trial court would be eminently correct under this long standing jurisprudence in denying such a motion because it is not `evident' from the complaint or a prior pleading, or the closed pleadings, that the plaintiff's exclusive remedy is workers' compensation, thus leaving `unresolved factual questions' concerning workers compensation immunity, nevertheless, it would appear that under the broad meaning' ascribed to the rule by the Fourth District in Gloger ... the trial court's nonfinal order would be automatically reviewable under rule 9.130(a)(3)(C)(vi). We cannot conceive, however, that in amending the rule the Florida Supreme Court intended to burden the appellate courts of this state with the *1128 task of reviewing orders which do nothing more than deny a motion without finally determining a critical factual issue, especially... in view of the restrictive philosophy espoused by the court in terms of the jurisdictional parameters of rule 9.130."
682 So.2d at 1113.
That is precisely my view. Mandico makes clear to me that the rule's grant of review jurisdiction was intended by the court to be allowed only when the record was so crystallized that no additional evidence would warrant a different conclusion as to immunity. In other words, the court intended to permit nonfinal review only at that stage when the pleadings are final and closed, and when the nature and extent of the evidence affecting the immunity is a matter of record.
Accordingly, if I were deciding this issue for the first time in our court, I would conclude that we lack jurisdiction to review the present order.
NOTES
[1] See Fla.R.Civ.P. 1.140(b)(6) ("the following defenses may be made at the option of the pleader... (6) failure to state a cause of action....").
[2] It is well settled that adverbs modify only verbs, adjectives, other adverbs, or in some instances entire sentences. The word "entitlement" in this rule is a noun, and nouns cannot be modified by adverbs. "An adverb, an adverbial phrase, or an adverbial clause may qualify several parts of speech, but a noun is not one of them." Theodore M. Bernstein, THE CAREFUL WRITER, 23 (New York 1977).
[3] The recent amendment to rule 9.130(a)(2)(C)(viii) makes this clear beyond doubt. See Amendments To The Florida Rules of Appellate Procedure, 21 Fla. L. Weekly S507, App. S6-7, ___ So.2d ___, ___ _ ___ (Fla. Nov. 22, 1996). In my opinion, however, the amendment was unnecessary if the rules of grammar were properly applied to the previous version.