STEVENSON, J.,
concurring specially.
I concur in the result reached by the majority. The order on appeal neither determines that a class should be certified, rule 9.130(a)(3)(C)(vii), nor denies a motion to certify a class, rule 9.130(a)(6); rather, the order denies a motion to de-eertify a class, and these orders are not specifically covered by rule 9.130. Rule 9.130 was intended to be restrictive of non-final appeals. See Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984)(“The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders.”). Florida courts have repeatedly rejected broad interpretations of rule 9.130, consistently adhering to narrower readings. See, e.g., Hastings v. Demming, 694 So.2d 718 (Fla.1997); Wausau Ins. Co. v. Haynes, 683 So.2d 1123 (Fla. 4th DCA 1996); Hernando County v. Leisure Hills, Inc., 648 So.2d 257 (Fla. 5th DCA 1994); BE &K, Inc. v. Seminole Kraft Corp., 583 So.2d 361 (Fla. 1st DCA 1991); Heritage Paper Co. v. Farah, 440 So.2d 389 (Fla. 1st DCA 1983).
Yet, because of the fluid nature of class certification — rule 1.220(d)(1) provides that orders certifying a class “may be conditional and may be altered or amended before entry of a judgment on the merits” — perhaps the rules committee and the supreme court should consider whether it would be appropriate to add orders which alter or modify the certification of a class to the list of non-final orders subject to review under rule 9.130. It seems to me that any rationale which supports non-final review of original orders granting or denying certification would apply equally to orders which modify or alter the certification of a class, which, like original orders, serve to define the current status of the class and the parties involved. Nevertheless, even if non-final review of orders which alter or modify class certification was available, the instant order would not qualify since, being one which denies a motion to de-certify a class, it neither alters nor modifies an order certifying a class.