MAY, C.J.
 

 A dispute over who pays attorney’s fees brings this ease to the court. The trustee appeals an order that required him to account for a reserve fund and expenses paid from that fund. He argues that the order disallowed the payment of attorney’s fees and other expenses incurred in the administration of the trust from the reserve before distribution of the remainder to the beneficiaries. We find the order to be a non-final, non-appealable order and dismiss the appeal.
 

 After some litigation, the trustee and beneficiaries entered into a mediated settlement agreement. The agreement provided for the collapse of the trust with each of three beneficiaries receiving a one-third share of the corpus, subject to the provisions set forth in Paragraph 2. It provided for the three beneficiaries to “be responsible for one-third of any expenses, fees, taxes and costs of the Trust from this time forward.”
 

 Paragraph 2 provided:
 

 RESERVES:
 
 The parties agree that the sum of $150,000 shall be held in reserve, in trust, in an interest bearing Money Market account by [the trustee], pending receipt of a closing letter from the IRS approving the 706 Tax Return filed by the Trust/Estate- Upon receipt of said closing letter, the funds remaining after payment of taxes, interest and expenses, shall be paid 1/3 each to: [each beneficiary]. The parties shall be responsible for any estate tax, and interest thereon, which may be due, in the same proportions as set forth in paragraph 1A-D, above. [One named beneficiary] shall be liable for any income tax on any income that she has received prior to the execution of the agreement.
 

 (Emphasis supplied).
 

 Paragraph 5 provided:
 
 “DEFAULT:
 
 In the event that any party to this Agreement defaults in his or her obligations hereunder, the party in default shall be liable to the non-defaulting party(ies) for all reasonable expenses incurred, including attorney’s fees, in the enforcement of obligations created by this Agreement.” Paragraph 6 provided for “[e]ach party [to] bear his or her own attorney’s fees and costs incurred in arriving at this agreement. ...”
 

 The trial court entered an agreed order, which incorporated the agreement by reference and required the parties to comply with its terms. After receipt of the federal estate tax closing letter, the trustee paid expenses out of the reserve, including attorney’s fees billed before and after the parties entered into the settlement agreement. The trustee then distributed the balance equally to the three beneficiaries, and collapsed the trust.
 

 Two beneficiaries filed a Petition for Accounting and Motion for Enforcement of Settlement Agreement, seeking a break
 
 *1227
 
 down of the expenses paid from the reserve. In particular, they claimed the trustee had used reserve funds to pay attorney’s fees incurred both shortly before and after the parties had entered into the agreement. They argued that the agreement prohibited such deductions from the reserve.
 

 The trial court entered the following order:
 

 Within five (5) days of the entry of this Order, the Trustee ... is to fully comply with the provisions of Paragraph 2 (Reserve) of the parties’ Settlement Agreement herein. Specifically, the Trustee shall prepare and submit a clear statement to the Court and to the Trust beneficiaries ... that sets forth the subject One Hundred Fifty Thousand Dollars ($150,000.00) reserve amount in an interest bearing Money Market account and which shows all taxes, interest, and expenses arising therefrom which is related to the Trust’s 706 Tax Return and the resulting balance distributed to the Trust beneficiaries.
 

 (Emphasis supplied). The order also indicated that the court would entertain civil and/or indirect criminal contempt against the trustee if he failed to comply. Further, the court found the trustee’s arguments to be frivolous, and awarded attorney’s fees, reserving jurisdiction to determine the amount. The trustee moved for rehearing, which the trial court denied. From this order, the trustee filed the present appeal.
 

 The trustee argues the trial court incorrectly interpreted Paragraph 2 of the agreement as limiting the use of the reserve to matters concerning the 706 Tax Return, and preventing the payment of lawful expenses (i.e., attorney’s fees) incurred from general administration of the trust. The beneficiaries respond that the trustee is seeking an advisory opinion concerning what expenses could be paid out of the reserve because the trial court ordered only an accounting and did not make a determination of what expenses could be paid from the reserve. Alternatively, the beneficiaries argue that Paragraphs 5 and 6 specifically address the payment of attorney’s fees, and that attorney’s fees and other general administrative expenses do not constitute “expenses” payable out of the reserve.
 

 We pause to address jurisdiction. During the course of this appeal, the beneficiaries moved to strike the trustee’s brief, indicating that he was arguing issues not yet presented to the trial court. We denied the motion to strike. In his brief, the trustee argues that the court’s order actually determines what constitutes an “expense” under Paragraph 2 of the agreement by limiting the accounting to “all taxes, interest, and expenses arising therefrom which is related to the Trust’s 706 Tax Return.” The beneficiaries argue that the trial court did not reach the issue of what constitutes an “expense.” We agree with the beneficiaries.
 

 Upon review of the case on its merits, we find the appeal is premature. The trial court ordered an accounting. It has not made a final determination as to whether attorney’s fees incurred in the administration of the estate prior to and subsequent to the settlement agreement can be paid from the reserve. Until such time as that decision is made, the judicial labor is not at an end. Further, an appeal from the trial court’s determination to award fees is likewise premature as no amount has been determined.
 
 Winkelman v. Toll,
 
 6B2 So.2d 180, 131-32 (Fla. 4th DCA 1994).
 

 Bottom line, we lack jurisdiction to consider the order at this time.
 
 Heritage Paper Co., Inc. v. Farah,
 
 440 So.2d 389, 391 (Fla. 1st DCA 1983) (dismissing an appeal from an order directing a full accounting because it was a non-final, non-
 
 *1228
 
 appealable order). We dismiss the appeal without prejudice to the parties raising these issues upon rendition of a final, or non-final, appealable order.
 

 Dismissed.
 

 DAMOORGIAN and CONNER, JJ., concur.